Argued and submitted March 28, affirmed May 19, appellants' reconsideration allowed, former opinion adhered to as modified (48 Or App 237, 616 P2d 1186) September 22, reconsideration denied November 6, 1980, petition for review denied January 13, 1981 (290 Or 302)

# WARREN, et al,
*Appellants,*
*v.*
# DEL PIZZO, et al,
*Respondents.*

## (A7905-02179, CA 15582)

611 P2d 309

Eric H. Carlson, Lake Oswego, argued the cause and filed the briefs for appellants.

Donald Winfree, Portland, argued the cause for respondent Del Pizzo. With him on the brief was Winfree and Noonan, Portland.

John Heald, Portland, argued the cause for respondents Weitzel, Roberts, Walters, Martin, Buckwalter and Fabian, who joined in the brief of respondent Del Pizzo.

Before Richardson, Presiding Judge, and Thornton and Buttler, Judges.

THORNTON, J.

## THORNTON, J.

Plaintiffs brought suit for declaratory and injunctive relief to determine the validity of an amendment to the Declaration of Restrictions for a 25-lot subdivision in east Multnomah County known as Lachenview. The amendment purported to eliminate height restrictions contained in the original declaration.

Following cross motions for summary judgment, the trial court held that the amendment eliminating the height restriction was valid. Plaintiffs appeal from that decree, assigning as error the following:

1) Concluding that the original restriction permitted amendment of the height restriction;

2) Concluding that the amendment eliminating the height restriction was validly executed and adopted.

The material facts are not disputed. Plaintiffs and defendants are record owners (or contract purchasers) of residential property in Lachenview. The property is subject to a Declaration of Restriction, dated June 27, 1974, which provides (a) that dwellings built in Lachenview, other than those built on Interlachen Lane, are limited in height to one story plus basement, and (b) that the restrictions may be changed by written agreement of the then record owners of 75 percent or more in area of the property subject to the Declaration.[1]

Plaintiffs alleged in their complaint that their views of Mt. Hood and Fairview Lake will be obstructed if defendants are permitted to build structures which are greater than one story in height on lots not on Interlachen Lane. Plaintiffs Warren and Tanner

---

[1] Article VII(d) reads in pertinent part:

"* * * Except as provided in ARTICLE VI(b) the conditions, restrictions and charges set forth in this declaration may be changed by a written agreement executed by the then record owners of seventy-five percent (75%) or more in area of said property then subject to the Declaration * * *."

purchased their lots from the original developers of Lachenview, the Dirksen family. The Tanners purchased in September, 1976, and the Warrens in August, 1977.

Defendant Del Pizzo purchased 18 lots on or before January, 1978. Defendants Weitzel, Roberts, Walters, Martin, Buckwalter, Fabian and McAfee purchased their respective properties from defendant Del Pizzo on or after August 22, 1978. Defendant Damron and wife are the owners of one lot. Damron is an employe of the realty firm now handling the sale of the lots.

On July 19, 1978, defendants Del Pizzo and Damron signed an amendment to the declaration which deleted the height restriction. At the time this amendment was executed, defendants Del Pizzo and Damron were the record owners of 75 percent or more in area of the property then subject to the declaration.

The thrust of plaintiffs' argument on appeal is that the height restriction expressly runs with the land as a part of a general plan of development formulated by the original developers and cannot be modified or eliminated without permission of the owner of the dominant estate; that by providing also that the height restriction may be amended without the acquiescence of the owner of the dominant estate (the 75 percent clause referred to above), an ambiguity is created; that this ambiguity should be construed to prohibit the amendment of the height restriction without the consent of the owner of the dominant estate (benefited property).

Further, plaintiffs argue that even if the 75 percent clause relied upon by defendants is upheld, the developer (defendant Del Pizzo) should not be allowed to participate in the amendment process because of the developer's implied obligation of good faith to prior purchasers.

The defendants answer the above arguments by relying on the rationale of the trial court that the

provision for amendment of the height restriction is clear and unambiguous; that it was validly executed and recorded and is entitled to be enforced according to its terms.

After reviewing this record and considering the arguments and authorities advanced by both parties, we conclude that the language of Article VII(d) clearly provides for amendment of any condition, restriction, or change "by a written agreement executed by the then record owners of seventy-five percent (75%) or more in area of said property * * *;" including the height restriction; that defendants Del Pizzo and Damron did validly execute and record the challenged amendment to the Declaration of Restrictions which eliminates the height restriction for all structures on all residential lots in Lachenview.

Lastly, we should mention plaintiffs' contention raised for the first time on appeal that defendant Del Pizzo had an implied obligation of good faith and fair dealing as "successor developer" to the Dirksens, and that as "successor developer" he should not be permitted to participate in the amending process. This contention not having been raised in the trial court and not being supported in the record, we do not consider it on appeal.

While it is recognized that the challenged amendment to the "Declaration of Restriction" operates to the prejudice of plaintiffs and others similarly situated, the record shows that the proviso authorizing this amendment was a part of the "Declaration" at the time plaintiffs purchased their lots. Plaintiffs must therefore be deemed to have had constructive notice of this provision and the possibility at least that the building restrictions could conceivably be changed in this fashion.

Accordingly, the trial court did not err in granting defendant's motions for summary judgment and

awarding attorney fees to defendants.[2]  *Sharp v. Quinn,* 214 Cal 194, 4 P2d 942 (1931);  *cf. Snashall v. Jewell,* 228 Or 130, 363 P2d 566 (1961).

Affirmed.

---

[2] Article VIII of the Declaration provides in part:

"In any legal or equitable proceedings by Declarants or the Association, or both, or the owner or owners of any portion of said property and each of their legal representatives, heirs, successors and assigns, for the enforcement or to restrain a violation of this declaration or any provisions hereof, the losing party shall pay to the prevailing party such attorney's fees as the Court may deem reasonable in such suit or action. * * *"