On appellants' reconsideration filed June 18,
reconsideration allowed, former opinion adhered to
as modified (46 Or App 153, 611 P2d 309) September 22,
reconsideration denied November 6, 1980,
petition for review denied January 13, 1981 (290 Or 302)

WARREN, et al,
*Appellants,*

*v.*

DEL PIZZO, et al,
*Respondents,*

(No. A7905-02179, CA 15582)

616 P2d 1186

Eric H. Carlson, Lake Oswego, for appellants.

Before Richardson, Presiding Judge, and Thornton and Buttler, Judges.

THORNTON, J.

## THORNTON, J.

Plaintiffs brought suit for declaratory and injunctive relief to determine the validity of an amendment to the Declaration of Restrictions for a 25-lot subdivision in east Multnomah County, which eliminated the height restriction in the Declaration.

The gravamen of plaintiffs' complaint is found in paragraph XII which alleged:

"Plaintiffs contend that the height restrictions, which run with the land as part of a general plan of development, are not subject to amendment. Defendants Del Pizzo and Damron contend that they are subject to amendment."

Plaintiffs prayed for a decree (1) declaring that the amendment is void and that the height restriction is not subject to amendment, (2) enjoining defendants from violating the height restriction, and (3) awarding them their costs, disbursements, and reasonable attorney fees.

In our decision filed May 19, 1980 (46 Or App 153, 611 P2d 309), this court held that the above contention was untenable, and that this restriction could be changed or eliminated by a vote of the record owners of 75 percent or more in area of the property owners subject to the Declaration, as was done in this case. The validity of this provision in the Declaration authorizing the amendment as well as this amendment was the primary issue of this case, both at trial and on appeal.

Plaintiffs in their petition and brief for reconsideration take exception, *inter alia,* to the following language of our decision in the above case:

"Lastly, we should mention plaintiffs' contention *raised for the first time on appeal* that defendant Del Pizzo had an implied obligation of good faith and fair dealing as 'successor developer' to the Dirksens, and that as 'successor developer' he should not be permitted to participate in the amending process. This contention *not having been raised in the trial court* and *not being supported in the record,* we do not consider it on appeal." (Emphasis in original)

Plaintiffs are correct in pointing out that, contrary to the italicized language above, plaintiffs did in fact refer to that issue in their two Memorandums of Law to the trial court.

Notwithstanding the above error, for reasons which follow we adhere to our former opinion.

This issue was not pleaded in plaintiffs' complaint. In *Brookes v. Tri-Co. Met. Transp. Dist.,* 18 Or App 614, 526 P2d 590, *rev den* (1974), an action for declaratory and injunctive relief, this court declined to consider an issue (violation of Federal Civil Rights Act) where it was not pleaded in the complaint or argued in the trial brief, even though there were isolated references to the issue on two occasions to possible infractions of this Act. We held, *inter alia:*

"* * * Isolated references on two occasions to possible infractions of that Act did not satisfy plaintiff's responsibility to plead its violation and properly present it to the trial court. * * *" 18 Or App at 632.

Plaintiffs having failed to affirmatively plead this issue in its complaint, we decline to consider it on appeal. *Brookes v. Tri Co. Met. Transp. Dist., supra.*

Reconsideration allowed. Former opinion adhered to as modified.