Richard T. BRYANT, et al., Appellants,

v.

LAKE HIGHLANDS DEVELOPMENT
COMPANY OF TEXAS, INC., et
al., Appellees.

No. 18434.

Court of Civil Appeals of Texas,
Fort Worth.

June 25, 1981.

Joe Putnam, Irving, for appellants.

Ward Williford, Dallas, for appellees.

## OPINION

HUGHES, Justice.

Richard T. Bryant, Macy L. Henry and Lola Mae Ellis (hereinafter referred to collectively as the plaintiffs) have appealed that part of the trial court's judgment which conditioned the permanent injunction granted in their favor upon the execution of a $500,000.00 bond. The plaintiffs also complain of that part of the trial court's judgment which denied their right to enforce certain restrictive covenants as to a number of lots which were purportedly removed from restrictions by amendment of the Declaration of Covenants.

We reform and affirm.

In 1977 the plaintiffs purchased separate improved townhouse lots in the Harbourtown Villas Phase I Subdivision, an addition to the City of Lake Dallas, Texas. The addition was originally platted in 1976 (by Lake Highlands Development Company of Texas, Inc.) into eighty townhouse lots. The lots in the addition were subject to a "Declaration of Covenants & Restrictions" which provided that no building other than single family residence townhouses were to be constructed on the lots. The Declaration also created an owner's association comprised of lot owners, 90% of whom, together with all the first lien holders, could amend the covenants and restrictions of the Declaration. Both the original plat and the Declaration were filed for record at the time the plaintiffs purchased their lots. At the

time relevant to this suit, twenty of the eighty lots, including those owned by the plaintiffs, had been improved and sold.

In 1979 the undeveloped sixty lots were replatted so as to accommodate the construction of fourplex units thereon by California-Texas Land Co. which had agreed to purchase the undeveloped sixty lots. In 1980 the owners of seventy-seven of the eighty lots (all of the owners of the developed lots except the three plaintiffs and Lake Highlands, which still owned the sixty undeveloped lots) signed and filed an amendment to the Declaration removing the undeveloped sixty lots from the legal description of lands subject to the original Declaration.

The plaintiffs thereafter filed suit seeking: cancellation of the replat; injunction of Lake Highlands and California-Texas from improving the undeveloped sixty lots in violation of the original plat and/or Declaration; and an injunction of the City of Lake Dallas from providing utilities to the undeveloped sixty lots.

The named defendants answered jointly by a general denial.

Trial without a jury was had and the trial court found:

1. The subdivision replat of the Harbourtown Villas Phase I Addition to the City of Lake Dallas, Texas, adopted by Defendant LAKE HIGHLANDS DEVELOPMENT COMPANY OF TEXAS, INC., and filed of record in Volume B, Page 51, Map and Plat Records, Denton County, Texas, is invalid and should be cancelled;

2. Defendants LAKE HIGHLANDS DEVELOPMENT COMPANY OF TEXAS, INC., AND CALIFORNIA TEXAS LAND COMPANY should be enjoined from constructing or beginning any further improvements in the Harbourtown Villas Phase I Addition which violate the final plat of Harbourtown Villas Phase I Addition as recorded at Volume 12, Page 34, Map and Plat Records, Denton County, Texas; provided however, that the foregoing injunction should not apply to improvements being constructed or to be constructed on Blocks 6, 7 & 16 as shown on the said final plat of Harbourtown Villas Phase I Addi-

tion; and provided further that the foregoing injunction should be conditioned upon Plaintiffs being required to execute a bond with the Clerk of the Court with good and sufficient surety or sureties approved and conditioned as required by law, with a reasonable amount for such bond determined to be Five Hundred Thousand and No/100 ($500,000.00) Dollars;

3. Defendant CITY OF LAKE DALLAS, TEXAS should be enjoined from serving or connecting with any public utilities owned, controlled or distributed by the CITY OF LAKE DALLAS any improvements in the Harbourtown Villas Phase I Addition which violate the final plat of Harbourtown Villas Phase I Addition as recorded at Volume 12, Page 34, Map and Plat Records, Denton County, Texas, provided however that the foregoing injunction should not apply to improvements being constructed or to be constructed on Blocks 6, 7 & 16 as shown on the said final plat of the Harbourtown Villas Phase I Addition and should apply only if Plaintiffs file the bond as required in Paragraph 2 above;

4. Plaintiffs are not entitled to enforce by injunction the covenants, conditions and restrictions filed by Declaration in Volume 777, Page 347, Deed Records of Denton County, Texas, for the reason that said Declaration has been amended removing the tract in dispute from its terms.

The trial court rendered judgment accordingly.

The plaintiffs rely upon the case of *James v. E. Weinstein & Sons,* 12 S.W.2d 959 (Tex. Comm'n App. 1929, holding approved) for the proposition that the trial court erred in rendering judgment that the permanent injunction granted in their favor be conditioned upon the execution of a bond.

In *James,* which involved a temporary injunction, it was stated:

"If the injunction in this case was granted as on a final trial, no bond of course should have been required. Where a temporary injunction is granted, it is required under the statute that a bond be given to protect the opposite party from resultant

damages, but where the same is granted on a final hearing, no bond is necessary, as the judgment of the court affords complete protection." *James v. E. Weinstein & Sons, supra* at 960.

At a hearing held for the purpose of clarifying the wording concerning the injunction the trial judge remarked:

"[I] am Ordering a five hundred thousand dollar bond be placed by the Plaintiffs to protect the Defendants in the event that the injunction be wrongfully issued concerning matters that the Court's prohibiting the Defendants from performing."

Normally, a bond is required by Tex. R.Civ.P. 684, when a temporary injunction is issued, in order to protect the defendant against whatever damages may result from the time of the issuance of the writ until the injunction is dissolved. *City of Houston v. Plantation Land Company*, 440 S.W.2d 691 (Tex.Civ.App.—Houston [14th Dist.] 1969, writ ref'd n. r. e.); *Johnson v. McMahan*, 40 S.W.2d 920 (Tex.Civ.App.—Amarillo 1931, writ ref'd).

Here, a final judgment granting a permanent injunction was rendered after a full trial on the merits. By imposing the condition of a bond the trial court impugned its final judgment and by its statement the trial court encouraged litigation. Furthermore, the procurement of a permanent bond would be an undue burden upon the prevailing plaintiffs.

The defendants were afforded the protection to which they were entitled by a full trial on the merits. We therefore reform the judgment of the trial court by deleting those portions which condition the injunction upon execution of a bond by the plaintiffs.

The plaintiffs' second point of error is that the amendment to the original Declaration was not effective to remove the undeveloped sixty lots from the restrictions contained therein.

As a matter of formality, the plaintiffs argue that less than 90% of the lot owners signed the amendment. They contend that the proportion of the number of owners (15) rather than the number of lots (80) is the basis upon which the computation is to be made. We disagree.

Article III of the original Declaration addresses voting rights of members of the owner's association and specifically ascribes voting rights on a per lot basis. The provision for amendment does not specify a different method of computation. We hold that there was an intent manifested within the original Declaration that the voting rights be exercised on a per lot basis.

As a matter of substance, the plaintiffs rely upon the case of *Zent v. Murrow*, 476 S.W.2d 875 (Tex.Civ.App.—Austin 1972, no writ) for the proposition that the amendment to the original covenant was ineffective for the reason that the alterations did not apply to all of the properties subject to the original restrictions.

The terms of the Declaration clearly allow for amendment if the requisite number of votes is achieved. There are no limitations expressed as to the types of amendments allowed. All of the developed lots remain subject to the original restrictions and are therefore affected alike. It appears that the effect of the amendment would be to merely reduce the size of the area subject to the original restrictions. Furthermore, inasmuch as the developer joined in the amending of the covenants the "original purposes" of the developer would not be thwarted.

Having purchased their lots subject to the Declarations which included a right of amendment the plaintiffs had no guaranty that the addition would remain exclusively comprised of townhouses. *Valdes v. Moore*, 476 S.W.2d 936 (Tex.Civ.App.—Houston [14th Dist.] 1972, writ ref'd n. r. e.); *Loving v. Clem*, 30 S.W.2d 590 (Tex.Civ.App.—Dallas 1930, writ ref'd).

We overrule the second point of error.

The judgment of the trial court is affirmed as reformed.