LAKELAND PROPERTY OWNERS ASSOCIATION, Plaintiff-Appellant, *v.* ROBERT LARSON, Defendant-Appellee.

Second District   No. 83—388

Opinion filed February 1, 1984.—Rehearing denied March 6, 1984.

Foran, Wiss & Schultz, of Chicago, for appellant.

Howard R. Teegen, of Soffietti, Johnson, Teegen & Phillips, Ltd., of Fox Lake, for appellee.

JUSTICE UNVERZAGT delivered the opinion of the court:
This appeal concerns the construction of a deed conveying a par-

cel of land in Lakeland Estates Subdivision in Lake County to Robert Larson, defendant, which contains use and construction restrictive covenants but also authorizes changes of these covenants upon approval of the majority of the lot owners of the subdivision. An apparent majority of the lot owners filed a document entitled "1980 Revised Deed Restrictions," which included provisions permitting Lakeland Property Owners Association, Inc. (Association), plaintiff, to establish dues assessable against lot owners, the nonpayment of which would cause a lien upon the property, and to enforce other rules and regulations adopted by the Association. The Association assessed defendant's dues for 1980 to be $110 and upon his refusal to pay this assessment, brought a small claims action against him for that amount in the circuit court of Lake County. The circuit court denied the Association's prayer for relief, finding that the majority of the lot owners did not have the authority to impose a covenant upon individual lot owners which was new and different from those covenants delineated in the lot owner's deed. The Association appeals.

The parties stipulated to the relevant facts, those being that the defendant purchased a lot in Robert Bartlett's Lakeland Estate Subdivision in 1960 by a deed from the original developer which was similar to other deeds from land in this subdivision subject to various restrictions and covenants relating to the use of the lots and permissible types of construction. Before delineating these covenants and restrictions, the deed provided:

> "SUBJECT to such of the following covenants as refer to the real estate herein described which shall run with the land and shall be in force and effect and shall be binding on all parties and all persons claiming under them until January 1, 1980, at which time said covenants shall automatically extend for successive periods of ten years, unless by a vote of the majority of the then owners of the lots in said subdivision it is agreed to change the said covenants in whole or in part."

The deed also conveyed to the grantee easements to use two lakes in the subdivision and lots for ingress and egress.

The Association, a not-for-profit corporation, which began as a voluntary group and became active in the subdivision's affairs, caused the adoption by a majority of the then lot owners of the 1980 Revised Deed Restrictions, which contained the following new covenants:

> "24. * The Lakeland Property Owners Association, Inc. shall have the right to establish dues from time to time assessable against lot owners and lots in the Subdivision. The dues assessed from time to time, if not paid within the calendar year

they are assessed, shall constitute a lien against the lot upon the Association's filing a written claim for lien with the Recorder of Deeds of Lake County describing the lot and the nature and amount of the lien. Collection of dues may be sought in law or in equity and costs incurred by the Association, including attorney's fees and expenses and interest at the maximum legal rate from time to time shall be included in satisfaction of the assessed dues or lien claimed. *

* * *

29. * The by-laws, rules and regulations adopted by the Lakeland Property Owners Association, Inc., and the actions taken by the Board of Directors of said Association shall be binding upon all lot owners. *"

Pursuant to these provisions, dues were assessed on defendant's property. Upon his refusal to pay these dues, the Association brought the instant action.

The trial court entered a judgment for defendant and so informed the parties by letter in which he stated that: "the covenants *** were not changes in the original covenants but rather entirely new and different in character. *** [T]herefore *** the Association had no power to make a binding assessment on the defendant as he had not agreed to be bound by the terms thereof."

■ Before considering the merits of the Association's argument on appeal, defendant's request that this court affirm the trial court's judgment because the Association failed to submit to this court a report of proceedings or its substitutes as provided in Supreme Court Rule 323 (87 Ill. 2d R. 323) must be addressed. He correctly states that an appellant has the duty to present a complete record on appeal so that the reviewing court will be fully informed regarding the issues in the case (*Coombs v. Wisconsin National Life Insurance Co.* (1982), 111 Ill. App. 3d 745, 746; *Teitelbaum v. Reliable Welding Co.* (1982), 106 Ill. App. 3d 651, 661; *Saint Joseph Hospital v. Downs* (1978), 63 Ill. App. 3d 742, 744), and that absent an adequate record on appeal, it will be presumed that the trial court's judgment conforms to the law and has a sufficient factual basis. (*In re Estate of Rice* (1982), 108 Ill. App. 3d 751, 762; *Chicago City Bank & Trust Co. v. Wilson* (1980), 86 Ill. App. 3d 452, 454.) A statement of facts in an appellant's brief, as found in plaintiff's brief in the instant case, does not suffice to provide a court with the necessary facts where they are not supported in the record because they lie outside of the record and thus cannot be considered. *Coombs v. Wisconsin National Life Insurance Co.* (1982), 111 Ill. App. 3d 745, 746; *Teitelbaum v. Reliable*

*Welding Co.* (1982), 106 Ill. App. 3d 651, 661; *Saint Joseph Hospital v. Downs* (1978), 63 Ill. App. 3d 742, 744.

The absence of a report of proceedings, however, deprives a reviewing court only of a basis for reviewing issues whose merits depend upon the matters omitted; it does not deprive a reviewing court of jurisdiction to entertain the appeal. (*Coombs v. Wisconsin National Life Insurance Co.* (1982), 111 Ill. App. 3d 745, 746; *Rosenblatt v. Michigan Avenue National Bank* (1979), 70 Ill. App. 3d 1039, 1042.) In these instances, the lack of a report of proceedings requires an affirmance of those issues which depend for resolution upon facts not in the record (*Rosenblatt v. Michigan Avenue National Bank* (1979), 70 Ill. App. 3d 1039, 1042) and mandates that any doubts arising from the incomplete record must be resolved against the appellant. *Potts v. Madison County Mutual Automobile Insurance Co.* (1983), 112 Ill. App. 3d 50, 52; *Teitelbaum v. Reliable Welding Co.* (1982), 106 Ill. App. 3d 651, 661.

Since the absence of a report of proceedings deprives a reviewing court only of a basis of reviewing issues whose merits depend on omitted matters, where the principal issue raised on appeal involves a question of law, the absence of the report of proceedings does not bar this court's review. (*Chicago City Bank & Trust Co. v. Wilson* (1980), 86 Ill. App. 3d 452, 454.) The instant appeal raises an issue whose resolution depends upon the construction of a deed. Inasmuch as the construction of an instrument is a question of law for the court to determine (see *Wilson v. Illinois Benedictine College* (1983), 112 Ill. App. 3d 932, 937; *Vigilante v. National Bank* (1982), 106 Ill. App. 3d. 820, 823), this court has a sufficient basis to review the circuit court's judgment.

■ We further note that defendant filed a memorandum of law in the trial court setting forth the stipulated facts which were the basis of the appealed from judgment. The record of a case tried upon stipulated facts is sufficient. *Kann v. Rosset* (1940), 307 Ill. App. 153, 168.

■ The primary object in considering a deed is to determine the intent of the parties which is ascertained from the deed as a whole and by the words employed (*Gelfius v. Chapman* (1983), 118 Ill. App. 3d 290, 292; *Goin v. Eater* (1982), 107 Ill. App. 3d 887, 890; see *Schoeneweis v. Herrin* (1982), 110 Ill. App. 3d 800, 806); parties are bound only by the words of the deed regardless of any secret or undisclosed intent (*Cimino v. Dill* (1982), 108 Ill. App. 3d 782, 785; *Vigilante v. National Bank* (1982), 106 Ill. App. 3d 820, 823). A court may not add a provision simply to reach a more equitable agreement. *National Tea Co. v. American National Bank & Trust Co.* (1981), 100

Ill. App. 3d 1046, 1049.

■ Where a court must construe a restrictive covenant found in a deed, each case must be decided upon its own facts so as to give effect to the actual intent of the parties at the time the covenant was made and a covenant should be construed most strongly against the coventor with all doubts and ambiguities resolved in favor of natural rights and against restrictions. (*Cimino v. Dill* (1982), 108 Ill. App. 3d 782, 786; *Moore v. McDaniel* (1977), 48 Ill. App. 3d 152, 163; *Kessler v. Palmeri* (1972), 3 Ill. App. 3d 901, 904.) Restrictive covenants which affect land, while not favored at law, will be enforced according to their plain and unambiguous language where reasonable, clear, and definite. (*Levitt Homes, Inc. v. Old Farm Homeowners' Association* (1982), 111 Ill. App. 3d 300, 308; *Hawthorne Hills Association v. Lawrence* (1980), 85 Ill. App. 3d 377, 381; *Freehling v. Development Management Group, Inc.* (1979), 75 Ill. App. 3d 243, 246.) Where a deed contains restrictive covenants but also permits their future alteration, the language employed determines the extent and scope of that provision. See *Levitt Homes, Inc. v. Old Farm Homeowners' Association* (1982), 111 Ill. App. 3d 300, 308.

■ The provision permitting the change of covenants found in the instant deed clearly directs itself to changes of existing covenants, not the adding of new covenants which have no relation to existing ones. This provision precedes the covenants, states that it permits changes to "the following covenants," and permits a majority of the lot owners to change "the said covenants." No other construction of this deed is permissible from this language, and thus the trial court did not err in denying the Association's prayer for relief.

The Association relies upon numerous cases from various jurisdictions. They are all inapposite, and the Association's reliance upon them indicates that it misapprehends the issue on appeal. These cases may be grouped into three categories, although some of them belong to more than one group. First, some address the issue of whether the change in the restrictions or covenants must be less restrictive than the original ones. (See *McMillan v. Iserman* (1982), 120 Mich. App. 785, 792-93, 327 N.W.2d 559, 562 (holds changes may be more restrictive, a decision which is in contradiction to *Van Deusen v. Ruth* (1939), 343 Mo. 1096, 125 S.W.2d 559, 561).) Other of these cases hold that adopted changes, all of which concerned existing or related restrictions, were proper. (See *Lehmann v. Revell* (1933), 354 Ill. 262 (building height restrictions could be amended); *Duffy v. Sunburst Farms East Mutual Water & Agricultural Co.* (1979), 124 Ariz. 413, 604 P.2d 1124 (mandatory association membership requirement could

be revoked); *Ardmore Park Subdivision Association, Inc. v. Simon* (1982), 117 Mich App. 47, 323 N.W.2d 591 (where issue on appeal was whether an association could make a change binding subsequent purchasers who never agreed to the change, the association had prohibited the building of fences over four feet tall); *Warren v. Del Pizzo* (1980), 46 Or. App. 153, 611 P.2d 309 (change eliminated past height restrictions); *Bryant v. Lake Highlands Development Co. of Texas, Inc.* (Tex. Civ. App. 1981), 618 S.W.2d 921 (amendment could permit previous single family townhome restriction to be changed to allow the building of fourplex units).) Finally, the other cases raise issues not relevant here. (See *Duffy v. Sunburst Farm East Mutual Water & Agricultural Co.* (1979), 124 Ariz. 413, 604 P.2d 1124 (issue was whether sufficient majority existed to effectively revoke a covenant); *Ardmore Park Subdivision Association, Inc. v. Simon* (1982), 117 Mich. App. 47, 323 N.W.2d 591 (issue was whether changes could bind subsequent purchaser who never agreed to the change); *Bryant v. Lake Highlands Development Co. of Texas, Inc.* (Tex. Civ. App. 1981), 618 S.W.2d 921 (whether changes must apply to all of the properties subject to the original restrictions).) Therefore, none of these cases aid in the resolution of this issue. See generally Annot., 4 A.L.R.3d 570 (1965) (discusses effect of contractual provisions permitting future revocation or modification of covenants restricting use of real property).

■ The Association urges that requiring the payment of an assessment does not constitute a new burden upon defendant because the deed conveyed to him included easements permitting him to use common area, the repair and maintenance of which, by law, must be paid by easement holders. While Illinois law recognizes that where a party has an easement on a servient tenement, it has the duty to maintain and repair it (*Triplett v. Beuckman* (1976), 40 Ill. App. 3d 379, 381; *Andrews v. City of Springfield* (1965), 56 Ill. App. 2d 201, 213), this duty to pay cannot be imposed in the instant case for several reasons. First, the record does not indicate that the Association sought to assert this theory at trial, and thus waived it. Second, where a grantee has an easement which he shares with others, his duty to repair and maintain it must be apportioned with all other easement holders based upon the extent of the individuals' use of the easement. (*Barnard v. Gaumer* (1961), 146 Colo. 409, 413, 361 P.2d 778, 781; *Lindhorst v. Wright* (Okla. App. 1980), 616 P.2d 450, 455.) Furthermore, the duty to pay includes only those repairs and maintenance requirement which are necessary and reasonable. (616 P.2d 450, 454.) In the instant case, the record does not contain any evidence es-

tablishing the extent of defendant's use of the easement, if any, that the assessments would be applied to repair and maintain these easements, that the repair and maintenance requirements were necessary and reasonable, or, for that matter, whether the Association had the authority to enforce defendant's obligation to pay for repairs and maintenance. Therefore, based upon the record before this court, the Association's argument lacks merit.

    ■ The Association further argues, correctly, that had a covenant in the deed required membership in the Association and the payment of dues, a court would be obligated to enforce it. (See *Streams Sports Club, Ltd. v. Richmond* (1982), 109 Ill. App. 3d 689, 694-95, *aff'd* (1983), 99 Ill. 2d 182; *Fox Lake Hills Property Owners Association v. Fox Lake Hills, Inc.* (1970), 120 Ill. App. 2d 139, 145-46; *Bessemer v. Gersten* (Fla. 1980), 381 So. 2d 1344, 1347; *William W. Bond, Jr. & Associates, Inc. v. Lake O'The Hills Maintenance Association* (Miss. 1980), 381 So. 2d 1043, 1044.) However, the instant deed does not contain such a covenant. Therefore, while it may have been wise and proper for the developer to include such a covenant because assessments of this nature serve an important function to insure that owners of individual lots may enjoy the use of their easements and maintain the value of their property (see *Boyle v. Lake Property Owners Association, Inc.* (S.D. Ala. 1982), 538 F. Supp. 765, 770), the developer failed to so include a provision and defendant purchased the property without notice that such a provision may later be imposed upon him. Therefore, just as courts will enforce changes of restrictions made pursuant to a provision so permitting because the grantees take title of the property with notice of the possibility that the original restrictions may be changed (see *Warren v. Del Pizzo* (1980), 46 Or. App. 153, 157, 611 P.2d 309, 311; *Bryant v. Lake Highlands Development Co. of Texas, Inc.* (Tex. Civ. App. 1981), 618 S.W.2d 921, 923), they should not enforce changes where a grantee takes title without proper notice that a majority of the lot owners may impose an assessment upon his property at some future time. Such a grantee can only be bound by what he had notice of, not the secret intentions of the grantor. *Cimino v. Dill* (1982), 108 Ill. App. 3d 782, 785.

    ■ It is recognized that courts may find an implied covenant in a deed. A covenant will be implied, however, only when the court can clearly see that it was the intention of the parties to have such an agreement or when it is necessary to effectuate the purpose of the agreement. (*Galich v. Catholic Bishop* (1979), 75 Ill. App. 3d 538, 544, *cert. denied* (1980), 445 U.S. 916, 63 L. Ed. 2d 600, 100 S. Ct. 1277.) Based upon the record submitted to this court, it is not clear that it

was the intention of the parties that a majority of the lot owners could impose dues upon individual lot owners at some time in the future. Furthermore, it has not been shown that the method employed by the Association is necessary to effectuate the purpose of the deed covenants and easements. Significantly, no copy of the declaration referred to in the deed and which apparently concerns the use of the easements has been made part of the record. Therefore, the Association's argument which attempts to obtain this court's approval of its conduct because of the alleged necessity of its imposition of assessments is rejected.

Contrary to the Association's contention, the trial court did not place form over substance. Rather, the trial court correctly construed a deed which failed to provide any authority for the Association to impose assessments upon individual lot owners. Lacking authority, the Association could not require an owner to pay the assessed dues. (See generally *Sinnissippi Apartments, Inc. v. Hubbard* (1983), 114 Ill. App. 3d 151 (absent agreement by owner of unit in cooperative housing building, plaintiff could not require him to accept extra shares in building which would have resulted in increased assessments).) Hence, the judgment of the circuit court is affirmed.

The judgment of the circuit court of Lake County is affirmed.

Judgment affirmed.

SEIDENFELD, P.J., and VAN DEUSEN, J., concur.