CAUGHLIN RANCH HOMEOWNERS ASSOCIATION, APPELLANT AND CROSS-RESPONDENT, v. CAUGHLIN CLUB AND STEVE URIE, RESPONDENTS AND CROSS-APPELLANTS.

No. 23265

March 24, 1993                                        849 P.2d 310

*Brian L. Hall,* Reno, for Appellant and Cross-Respondent.

*Sinai & Schroeder,* Reno, for Respondents and Cross-Appellants.

## OPINION

*Per Curiam:*

Appellant, Caughlin Ranch Homeowners Association (Association) attempted to assess maintenance fees against commercial property owned by respondent Steve Urie and utilized by respondent Caughlin Club (collectively Urie). Consequently, Urie filed this action in the district court seeking, *inter alia,* a declaration that the assessment was invalid as it related to his parcel. The district court agreed with Urie and granted partial summary judgment in his favor. For the reasons expressed below, we affirm.

### STATEMENT OF FACTS

On August 8, 1984, Alan Means, the developer of the Caughlin Ranch Land Development, recorded protective covenants (CC&R's) applicable to parcels of land in the Caughlin Ranch Development. The CC&R's contained no reference to commercial parcels; only residential parcels were classified. Moreover, the only properties in the CC&R's which were subject to assessments were lots which were defined as single-family residences or a living unit in multi-family residences.

In 1985, Urie initiated discussions with Means concerning a recreational club which Urie would build and operate at Caughlin Ranch. The Association maintained that the discussions between Means and Urie did not include negotiations or agreements concerning assessments. On April 1, 1985, Urie and Means negotiated a lease which included an option to purchase the parcel of raw land commonly known as the Caughlin Club parcel. On April 30, 1985, a document entitled "Supplemental Declaration" to CC&R's was recorded which annexed the Caughlin Club parcel. On October 15, 1987, Urie purchased clear title to the parcel subject to the CC&R's.

After control of the Association shifted from Means, as the developer, to the individual homeowners, the Association amended the original CC&R's to create new property classifications and assessments. The amendment was recorded on February 29, 1988. Nearly three years later the Association passed a resolution which, for the first time, assessed commercial properties. Thereafter, Urie received a letter from the Association indicating that his commercial property was being assessed. Urie

paid the initial assessment of $642.00 and then refused to pay any additional sums on grounds that his property was not subject to assessment.

On September 12, 1991, Urie filed a declaratory relief action against the Association seeking a declaration of the invalidity of the assessment amendment as applied to the Caughlin Club parcel. The Association responded by recording an assessment lien against the Caughlin Club parcel on October 11, 1991. Thereafter, Urie amended his complaint to allege slander of title and damages resulting from the Association's recordation of the lien. Urie than moved for partial summary judgment which was granted as to Urie's claim that the assessment against the Caughlin Club parcel was invalid. However, the district court ruled against Urie on claims in the amended complaint for abuse of process, bad faith and slander of title. Finally, the district court awarded $3,000.00 to Urie for attorney's fees. The Association appeals and Urie cross-appeals from the district court's ruling.

## DISCUSSION

Summary judgment is only appropriate when, after a review of the record in a light most favorable to the non-moving party, there remain no genuine issues of material fact and it is determined that the moving party is entitled to judgment as a matter of law. Butler v. Bogdanovich, 101 Nev. 449, 451, 705 P.2d 662, 663 (1985).

On appeal, this court reviews the record in part to evaluate the finding by the district court that there are no genuine issues of material fact. Since we review the entire record anew and without deference to the findings of the district court, in that sense our review is *de novo*. Tore, Ltd. v. Church, 105 Nev. 183, 772 P.2d 1281 (1989). This court has long recognized that:

> Rule 56 authorizes summary judgment only where the moving party is entitled to judgment as a matter of law, where it is quite clear what the truth is, that no genuine issue remains for trial, and that the purpose of the rule is not to cut litigants off from their right of trial by jury if they really have issues to try.

Short v. Hotel Riviera, Inc., 79 Nev. 94, 103, 378 P.2d 979, 984 (1963).

The Association argues that Urie purchased the Caughlin Club parcel with notice that the parcel was subject to the CC&R's and that the CC&R's could be modified to include an assessment on Urie's parcel. We disagree.

The record reflects that when Urie purchased the parcel, he was on notice that the CC&R's could be amended to affect the assessment obligations imposed upon owners of single-family residences or a living unit in multi-family residences. The record also reflects the fact that it was over four months after Urie acquired the Caughlin Club parcel before the CC&R's were amended to create new property classifications other than residential. It was almost three years after the amendment creating the new property classifications that the Association sought to assess Urie's commercial or recreational property. There were simply no provisions in the CC&R's that would have alerted Urie to the possibility that new property classifications would be created pursuant to which his property would be subject to assessment by the Association.

We agree with the reasoning of the Illinois Appellate Court in Lakeland Property Owners Ass'n v. Larson, 459 N.E.2d 1164 (Ill.App.Ct. 1984), where it encountered a similar situation. There, the property owner's association voted to amend the CC&R's to impose maintenance fees upon lot owners. That court concluded that the original CC&R's provided for a change in the covenants but did not permit the addition of covenants which were new and different from those in the lot owner's deed. *Id.* at 1170-71. In *Larson,* the court prefaced its ruling by noting that "[w]here a deed contains restrictive covenants but also permits their future alteration, the language employed determines the extent and scope of that provision." *Id.* at 1169. The court in *Larson* then determined that the provision allowing amendment to the CC&R's referred to changes in existing covenants, rather than the addition of new covenants which have no relation to existing covenants. *Id.* Finally, the *Larson* court concluded that the imposition of a maintenance fee constituted a new covenant for which notice was not given, unrelated to those in existence at the time the lot owner purchased the property. *Id.*

Although Urie's deed to the Caughlin Club parcel did not contain any express covenants or conditions applicable to the Caughlin Ranch or the CC&R's, it is clear that the deed was subject to the recorded CC&R's as they existed at the time of the conveyance to Urie. It is also clear, however, that the deed could not be made subject to later amendments to the CC&R's that created new covenants for which notice was not given at the time of the acquisition of the deed by Urie. We conclude, therefore, that the amendment to the CC&R's creating new property classifications and assessments purporting to burden the Caughlin Club parcel can have no legal effect with respect to that parcel.

When construing real property covenants of doubtful import, they should be construed against the person seeking enforcement. *See* Harborview Imp. Ass'n v. Downey, 311 A.2d 422, 425 (Md. 1973). Moreover, "a grantee can only be bound by what he had notice of, not the secret intentions of the grantor." *Larson,* 459 N.E.2d at 1170. The intentions of the Association were not made known to Urie until after the purchase and development of the Caughlin Club parcel. Therefore, Urie did not have notice of the possibility of assessment. Moreover, we conclude, as did the court in *Larson,* that the provision in the CC&R's providing for their amendment is properly construed to refer to amendments of existing covenants as opposed to the creation of new covenants unrelated to the original covenants.

After careful review of the remaining issues, including those raised by Urie's cross-appeal, we conclude that they are without merit and need not be discussed given our disposition of this matter.

For the reasons discussed above, the judgment of the district court is affirmed.