**TAYLOR et al. v. McLENNAN COUNTY CRIPPLED CHILDREN'S ASS'N et al.**

No. 2748.

Court of Civil Appeals of Texas. Waco.

Nov. 6, 1947.

Rehearing Denied Dec. 18, 1947.

Woodrow F. Eason and W. L. Eason, both of Waco, for appellants.

Sleeper, Boynton, Darden & Burleson and D. Y. McDaniel, all of Waco, for appellees.

HALE, Justice.

Appellants, W. Lee Taylor, T. W. Fadal and F. W. Pirelo, sued appellees, McLennan County Crippled Children's Association, a corporation, and J. T. Hooker for injunctive relief, prohibitive and mandatory, and for the recovery of damages, actual and exemplary. The trial court sustained certain special exceptions to appellants' pleadings. Appellants refused to further amend. The court thereupon dismissed the suit and hence this appeal.

In their First Amended Petition filed on April 28, 1947, appellants alleged in substance that they separately owned Lots 7, 8 and 9 in Block 5 of Davidson-Sanger Addition to the City of Waco; that the Crippled Children's Association owned Lots 10 and 11 in the same block; that the use of the lots owned by the Crippled Children's Association was legally restricted to residential purposes so as to prevent the construction or maintenance thereon of a hospital; that Hooker was in process of erecting a hospital building on said Lots 10 and 11 for the Crippled Children's Association in violation of the terms of such restrictions; and that appellees, unless enjoined, would continue in the pursuit of their unlawful enterprise to the irreparable injury and damage of appellants. They set forth in their petition verbatim copies of the written instruments upon which the asserted restrictions were predicated. Such restrictions will hereafter be referred to as follows: (1) The 1924 restrictions, fixed by Davidson-Gorman-Sanger Co. in the original dedication of the Davidson-Sanger Addition; (2) the 1940 restrictions, fixed by Margaret C. Bolton as the owner of certain lots in Davidson-Sanger Addition; and (3) the 1938-1947 restrictions, as evidenced by a zoning ordinance adopted by the City of Waco in 1938 and the amendment thereof as adopted in 1947.

On May 1, 1947, appellees answered the First Amended Petition of appellants with numerous special exceptions, a general denial and certain other pleas in bar. Thereafter, the parties filed additional pleadings on dates as follows: Appellants' Second Supplemental Petition, May 7th; Appellees' Trial Amendment, May 17th; Appellants' Third Supplemental Petition, May 20th; Appellees' Supplemental Answer, May 22nd; and Appellants' Fourth Supplemental Petition, May 23rd. The pleadings thus filed consisted of special exceptions, denials and affirmative allegations of fact which cover 55 pages in the Transcript. Under date of May 7, 1947, the parties signed a written stipulation which was filed in the cause, whereby they agreed

that three certain instruments therein referred to had been duly recorded in the McLennan County Deed Records, such instruments including the original plat and dedication of the Davidson-Sanger Addition. On May 14th the court below heard the special exceptions interposed in the various pleadings which had been filed prior to that date. The effect of the order of the court on such exceptions was to strike from appellants' First Amended Petition the allegations of fact therein contained relating to the restrictions of 1924 and 1940, to which appellants excepted. On May 23rd the court acted upon appellees' special exceptions to appellants' Third Supplemental Petition. The effect of the rulings made at that time was to strike from such supplemental pleading the allegations with reference to the invalidity of the amended zoning ordinance adopted by the City of Waco on May 6, 1947. This order also recites that because appellants had refused to amend, their suit was dismissed and they excepted and gave notice of appeal.

Appellants predicate their appeal upon four points, viz.: the error of the court in striking from their First Amended Petition all allegations with reference to (1) the 1924 restrictions and (2) the 1940 restrictions; (3) in striking from their Third and Fourth Supplemental Petitions all of their allegations attacking the 1947 amendment to the zoning ordinance of 1938; and (4) in holding that the 1947 amendment to the original zoning ordinance was valid and binding, and in dismissing their suit.

Appellees say in their counter points that the trial court did not err in striking from appellants' pleadings the portions thereof relating to the alleged restrictions of 1924 or 1940 or those attacking the 1947 amendment to the 1938 zoning ordinance, because it affirmatively appears from such pleadings that at the time the Davidson-Sanger Addition was platted and subdivided in 1924, a general scheme and plan for the over-all development of all lots in said addition was effected in accordance with the provisions of the original dedication instrument; that under the express terms of the dedication instrument of 1924 all lots in Block 5 of said addition were specifically exempted from the restrictions therein contained against use for any purpose other than residence purposes; that Margaret C. Bolton owned less than 75% of all the lots in the Davidson-Sanger Addition at the time she recorded the so-called restrictive instrument of 1940; that the lots so owned by her were not situated contiguous to each other; that the Bolton restrictions of 1940, in so far as they attempted to restrict a part of Block 5, constituted a radical change and alteration of, and were in addition to and violative of, the original general scheme and plan for the over-all development of the properties in said addition as evidenced by the plat and dedication instrument recorded in 1924; that the alleged restrictions of 1940 do not constitute a general scheme or plan for the over-all development of properties similarly situated as therein described, are not universal in their application to such properties, do not impose mutual and reciprocal burdens and benefits on all properties similarly situated, and are not binding on the Crippled Children's Association as the owner of said Lots 10 and 11; that the City of Waco, acting by its proper officials, passed an ordinance on May 6, 1947 amending the 1938 zoning ordinance, thereby placing said Lots 10 and 11 in a district wherein hospital buildings were authorized; and that, since the City of Waco passed the original ordinance of 1938 and the amending ordinance of 1947 in the exercise of its legislative functions, the facts alleged by appellants were wholly insufficient in law to show that the amending ordinance of 1947 is invalid. The substance of the foregoing contentions was embraced in the special exceptions of appellees which the trial court sustained.

█ In passing upon the points and counter points above set forth, it is the duty of this court to accept as true all affirmative allegations of fact contained in the pleadings of appellants and the agreement of the parties with respect thereto and to confine ourselves to a consideration of the facts thus appearing in the record before us.

It appears that Davidson-Gorman-Sanger Co. owned 21.65 acres of land in 1924 which it caused to be platted and dedicated as Davidson-Sanger Addition to the City of Waco. The agreed plat discloses that said addition was subdivided into 5 blocks containing a total of 107 lots. Blocks 1 to 4, inclusive, were each bounded on the north by Trice Ave. and Blocks 2 to 4, inclusive, were each bounded on the south by Indiana Ave. Block 5 was bounded on the north by Indiana Ave. and on the south by the Providence Hospital property. Blocks 4 and 5 were each bounded on the west by N. 18th St. Block 1 contained 12 lots, all fronting west on N. 16th St. Blocks 2, 3 and 4 each contained 28 lots, 14 lots in each block fronting east on N. 16th, N. 17th and Summit Sts., respectively, and 14 lots fronting west on N. 17th, Summit and N. 18th Sts., respectively. Block 5 contained 11 lots, all fronting north on Indiana Ave. and extending in ascending numerical order from east to west.

The dedication instrument recited in substance that said addition had been platted and the lots therein described were to be sold and conveyed to members of the public under the restrictions therein set forth, such restrictions to be covenants running with the land and to be effective and binding forever upon all future purchasers and owners of said lots or any of them. The restrictions provided that white persons only should own or reside on any of said property; that no residence building should be erected on certain of the lots therein described at a cost of less than the amounts therein designated, such amount as it related to the lots in Block 5 being $3200; and that "no buildings shall be erected or used on any lot in said addition, except in Block 5, for any other purpose than residence purposes, and there shall not be conducted or carried on any merchandise business or the business of selling any commodity on any part of the property in said addition."

█ We think it is readily apparent that a general scheme and plan for the over-all development of all the land in said addition was thus effected in 1924 in accordance with the provisions of the original plat and dedication instrument and that the provisions of such instrument and deeds of conveyance executed thereunder constituted valid covenants running with the land so as to become effective and binding upon future purchasers of any lot in said addition. Hooper v. Lottman, Tex. Civ.App., 171 S.W. 270; Curlee v. Walker, 112 Tex. 40, 244 S.W. 497; Bethea v. Lockhart, Tex.Civ.App., 127 S.W.2d 1029, error refused Braswell v. Woods, Tex.Civ. App., 199 S.W.2d 253, Refused N.R.E.; Panhandle & S. F. R. Co. v. Wiggins, Tex. Civ.App., 161 S.W.2d 501, err. den.

It is equally clear to us, however, that the lots in Block 5 were exempted from the general restrictions applying to the remainder of the addition against use for any purpose other than residence purposes. This exemption would permit the use of Block 5 for hospital purposes. The plat discloses that Block 5 in said addition was the only land contiguous to the property of Providence Hospital upon which it could normally expand its facilities. In our opinion this fact strongly indicates the reason why Block 5 was exempted from the restriction against use for residence purposes, if indeed any then existing reason for such exemption should be deemed necessary to the validity of the general scheme evidenced by the plat and dedication instrument as a whole.

In 1940 Margaret C. Bolton executed and caused to be recorded in the McLennan County Deed Records a restrictive instrument covering 75 lots then owned by her in the Davidson-Sanger Addition. This instrument did not purport to cover Lots 1 or 11 in Block 5 but it did cover Lots 2 to 10, inclusive, in Block 5, all of Block 1, and 54 lots scattered throughout Blocks 2, 3 and 4 of said addition. The recited purpose of the instrument was to create additional conditions, restrictions and covenants to those contained in the dedication instrument of 1924. By its terms, as embraced in twelve separately numbered paragraphs, it provided for many complicated restrictions in addition to those contained in the dedication instrument of 1924, including a provision which had the effect of restricting the use of all lots therein covered to residential purposes.

636

Appellants and the Crippled Children's Association each deraigned their respective titles through mesne conveyances from Davidson-Gorman-Sanger Co. Margaret C. Bolton is also a common source in so far as the titles of the several parties to Lots 7, 8, 9 and 10 in Block 5 are concerned and the conveyances through which the titles to such lots are deraigned contain the so-called Bolton restrictions of 1940. Crippled Children's Association acquired its titles to Lots 10 and 11, respectively, in Block 5 by two separate deeds, each being dated March 8, 1946. The deed from E. R. Bolton to Crippled Children's Association covering Lot 10 in Block 5 contains an additional condition to the effect that a hospital shall be located on Lot 11 in Block 5 and that unless such hospital is so erected within a reasonable time the title to said Lot 10 shall revert to the grantor. Appellants acquired their respective titles to Lots 7, 8 and 9 in Block 5 by deeds dated May 27, 1946, January 3, 1947 and February 18, 1947, respectively. The hospital building which is the subject of this suit covers all of Lot 11 and 9 feet off the west side of Lot 10 in Block 5.

After careful consideration of all the facts appearing on the face of the First Amended Petition of appellants, we have concluded that they were not entitled, either separately or collectively, to the enforcement in this suit of the so-called Bolton restrictions of 1940 for the reasons embraced in appellees' special exceptions as above set forth in their counter points. Tex.Jur. Vol. 12, p. 163, Sec. 104; Am. Jur. Vol. 14, p. 642, Sec. 291; 26 C.J.S., Deeds, § 168; Halsell v. Ferguson, 109 Tex. 144, 202 S.W. 317; Hill v. Trigg, Tex.Com.App., 286 S.W. 182; Green v. Gerner, Tex.Com.App., 289 S.W. 999; Eidelbach v. Davis, Tex.Civ.App., 99 S.W. 2d 1067, err. dis.; Cannon v. Ferguson, Tex. Civ.App., 190 S.W.2d 831.

In their First Amended Petition appellants pleaded the extensive provisions of the zoning ordinance adopted by the City of Waco in 1938 (the substance of such provisions being set forth in the opinion of this court in Texas Consolidated Theatres v. Pittillo, Tex.Civ.App., 204 S. W.2d 396) and alleged that the Davidson-Sanger Addition was thereby placed in a first residential district in which the use of premises for hospital purposes was prohibited. In their trial amendment appellees alleged that on May 6, 1947, the governing body of the City of Waco finally passed and adopted an amendment to the original zoning ordinance of 1938, by the terms of which Lots 10 and 11 in Block 5 were placed in a second residential district where the use of premises for hospital purposes was permitted. In their Third Supplemental Petition, after expressly interposing a general denial to appellees' trial amendment, appellants affirmatively alleged that the amending ordinance so adopted by the governing body of the City of Waco on May 6, 1947 was unreasonable, fraudulent and void, such attack being based upon extended allegations of fact, the substance thereof being (1) that the amending ordinance affected only two lots in said addition; (2) that the governing body of the City of Waco had a private meeting with representatives of appellees prior to the public hearing required by the original zoning ordinance and agreed at that time to pass the amending ordinance; and (3) that the governing body did not conduct a fair and impartial hearing before the final adoption of the amending ordinance. Appellees specially excepted to such allegations on the ground that they were immaterial and irrelevant, were mere conclusions, and were insufficient in law to show that the amending ordinance as adopted was invalid. Such special exceptions were by the trial court sustained.

Having thoroughly considered all the facts affirmatively appearing on the face of appellants' trial pleadings, we are of the opinion that the court did not err in sustaining appellees' special exceptions to the Third Supplemental Petition of appellants. Such action did not constitute a holding that the 1947 amendment to the original zoning ordinance of the City of Waco was valid but it did evidence a holding to the effect that the facts affirmatively alleged by appellants in their supplemental pleadings were insufficient in law to show that the 1947 amendment was invalid. In that holding we think the trial court was correct. City of Corpus Christi v. Jones,

Tex.Civ.App., 144 S.W.2d 388, err. dis.; City of University Park v. Hoblitzelle, Tex. Civ.App., 150 S.W.2d 169, err. dis., judg. cor.; City of Dallas v. Lively, Tex.Civ. App., 161 S.W.2d 895, err. ref.

Since appellants refused to further amend their trial pleadings in compliance with what we regard as proper rulings by the court below on the many special exceptions there presented, we do not think the court erred in dismissing their suit. Therefore, all of appellants' points are overruled and the judgment appealed from is affirmed.

LESTER, C. J., took no part in the consideration or disposition of this cause.

On Motion for Rehearing.

HALE, Justice.

In their Motion for Rehearing, appellants say the law recognizes the right of parties to contract with relation to property as they see fit, provided they do not contravene public policy and their contracts are not otherwise illegal. They also insist that building restrictions, whether they be contained in dedication instruments or in deeds of conveyance, are merely matters of contract. We are in agreement with the propositions of law thus asserted, as is evidenced by our holding in the original opinion that the 1924 restrictions constituted valid covenants running with the land conveyed under such restrictions.

However, we do not think these propositions of law support the contention of appellants to the effect that they are entitled in this suit to enforce the attempted 1940 restrictions against the use of Lots 10 or 11 in Block 5 for hospital purposes. The 1940 restrictions did not purport to cover Lot 11 in Block 5. In fact they did not purport to cover 27 separate lots scattered throughout the original Addition and hence, in our opinion, such restrictions were neither mutual nor reciprocal in their application to lots similarly situated, in that they did not purport to subject all lots similarly situated to the same burdens and benefits. That being true, we do not think the 1940 restrictive instrument is valid or enforceable as an instrument of dedication, regardless of the provisions contained in the 1924 restrictions.

Furthermore, it appears to us that the 1940 restrictions are invalid and unforceable because they are violative of and in direct conflict with the 1924 restrictions in that under the 1924 restrictions all lots in Block 5 were expressly exempted from the general restriction therein contained against their use for any purpose other than residence purposes, whereas, under the 1940 restrictions such exemption, in so far as it related to Lots 2 to 10 inclusive in Block 5, was stricken down and rendered of no force or effect.

■ Moreover, even though E. R. Bolton, as the immediate grantor of Lot 10 in Block 5, might presently be entitled to enforce the restrictions contained in his deed dated March 8, 1946 to Crippled Children's Association, as distinguished from an enforcement of the 1940 restrictive instrument covering the 75 lots in the Addition, we do not think appellants could enforce the covenants in that deed because they were not parties to such deed and they are not in privity with any of the immediate parties thereto.

■ Appellants also say the allegations in their supplemental petitions did not constitute any legal admission on their part that the 1947 amendment to the 1938 zoning ordinance of the City of Waco was passed by its governing body or that the provisions of such amendment, if passed, were valid. We recognize the general rule of law to the effect that affirmative allegations following a general denial do not ordinarily constitute binding admissions against the interest of the person making such defensive allegations. However, we fail to see why this rule of law should require a reversal of the judgment here appealed from. In their First Amended Petition appellants set forth the provisions of the 1938 zoning ordinance and alleged either directly or by necessary implication that such ordinance was in full force and effect. In their trial amendment appellees set forth the terms and provisions of an amending ordinance alleged to have

638

been finally passed and adopted by the City of Waco on May 6, 1947, thereby pleading in effect the inapplicability of the 1938 zoning ordinance as the same had existed at the time when appellants filed their First Amended Petition. Although appellants pleaded a general denial to appellees' trial amendment, they also alleged affirmatively and unconditionally in their supplemental petitions that the governing body of the City of Waco actually passed the amending zoning ordinance as pleaded by appellees, but that the amendment so adopted was invalid for reasons and upon the grounds therein set forth. It appears to us that the issue thus drawn by the pleadings of the respective parties was not whether the amending ordinance was finally passed by the City of Waco as affirmatively alleged by both parties, but the disputed issue so drawn was whether or not the amending ordinance as passed was valid or invalid. If the amending ordinance was invalid, then it necessarily follows that the original ordinance was still in full force and effect as previously alleged in appellants' First Amended Petition; but if the amending ordinance was valid, then the original ordinance was necessarily invalid and inapplicable by reason of matters mutually alleged by both parties to have transpired after the time when appellants had filed their First Amended Petition. Under this state of the record we think the burden rested upon appellants to allege facts showing the invalidity of the amending ordinance of 1947 and as a necessary consequence thereof the continuing validity and enforcibility of the original zoning ordinance of 1938 as set forth in their First Amended Petition. Since appellants failed to allege such facts and refused to further amend their pleadings, we do not think the trial court erred in dismissing their suit. T.J. Vol. 33, p. 643, Sec. 188; Houston & T. C. R. Co. v. Fife, 147 S.W. 1181, err. ref.; Barnes v. Central Bank & Trust Co, 153 S.W. 1172, err. ref.

Notwithstanding the able arguments of counsel to the contrary, we have again concluded that no reversible error is shown in this cause, and therefore appellants' Motion for Rehearing must be and it is hereby overruled.