### GRAY et al. v. LEWIS et al.

#### No. 12255.

Court of Civil Appeals of Texas. Galveston

May 3, 1951.

Rehearing Denied June 21, 1951.

Joel W. Cook, Young & Young and Jack C. Young, Houston, for appellants.

T. J. Stovall, T. J. Stovall, Jr., J. D. O'Bryant and James C. Boone, Houston, for appellees.

GRAVES, Justice.

This appeal is from a judgment of the 61st District Court of Harris County, in a building-restriction case, involving some property in Park Place, in Harris County, owned by the appellees, upon which they had erected a business building, which the appellants (also owners of property in such addition) sought to have abated, or removed, as being violative of restrictions, in "the Country-Club Addition" to the City of Park Place, impressed thereon by the original developers of such addition.

The court first submitted to a jury special-issues, embodying what it then deemed to be the controlling questions-of-fact raised by the pleadings and evidence, which were answered favorably to the appellants; on consideration of the motions of both sides for judgment, however, the court concluded it had erred in such submission, and, in effect, that it should have originally granted the motion of the appellees for an instructed verdict in their favor; it, therefore, set aside such verdict of the jury, and

entered judgment in favor of the appellees, in substance, as follows:

"* * * it being found by the court that, as a matter of law, from the evidence presented, that the motion of defendants and cross-plaintiffs to disregard the findings of the jury to special-issues Nos. 1, 2, 3 and 4, should now be granted, and that their motion for a judgment non obstante veredicto should now be granted, and that the motion for judgment filed by plaintiffs and cross-defendants should be denied.

"It is, therefore, Decreed that the plaintiffs, B. J. Breaux, M. G. Gray, Alice C. Woodruff, L. B. Moore, E. J. Price, Jr., E. J. Price, and the intervenor, Matilda Delnay, individually, and in the representative capacity in which they sued, take nothing against the defendants, Beulah B. Lewis, George E. Lewis, and J. H. Lee.

"It is further Decreed that the cross-plaintiffs, Beulah B. Lewis, and George E. Lewis, have judgment against the cross-defendants, B. J. Breaux, M. G. Gray, Alice C. Woodruff, L. B. Moore, E. J. Price, Jr., E. J. Price, and Matilda Delnay, that the alleged restrictions contained in the deed from Park Place Company to Beulah B. Lewis, dated July 23, 1943, recorded in Volume 1300, at Page 226, of the Deed Records of Harris County, Texas, insofar as they pertain to the property described in such deed to-wit:

" 'The Northeast fifty-five (55) feet of Lot One (1) and all of Lots Two (2) to Eight (8), inclusive, of Block One Hundred One (101), of Country Club District of Park Place, an addition to the City of Houston, in Harris County, Texas, according to the plat of said Addition recorded in Volume 7, at page 64, of the Map Records of Harris County, Texas,' are void, and of no further force and effect."

Through an extended number of points-of-error, appellants contend here, in material substance, this: "There was sufficient evidence before the jury to raise all the issues-of-fact submitted to it, and to sustain its verdict in favor of the Appellants upon each and all of them."

In other words, appellants urge that the "restrictions" against the property of the appellees, as alleged by them, and found by the jury to have existed, forbade the erection and maintenance by the appellees of the business-building upon their property, which the trial court should have decreed accordingly.

Whereas the appellees, upon their part, reply in a number of counter-points, the first three of which go to the heart of the case, as contended for by them, in substance as follows:

"(1) As a matter of law, there was no general plan, or scheme, for the overall development of properties in the so-called 'country club district' of Park Place, in that the alleged restrictions were not universal and did not impose mutual and reciprocal burdens on all properties similarly situated;

"(2) If any general plan or scheme was adopted as to 'country club district,' of Park Place, the first lots sold were conveyed with the restrictions expiring twenty-five years after January 1, 1924, and such general plan or scheme, if any there was, was for the expiration of such restrictions twenty-five years after January 1, 1924, to-wit, on January 1, 1949;

"(3) There was no general plan or scheme for the overall development of properties in Park Place, as shown by the map recorded in Volume 4, Page 10, of the Harris County Map Records, either alleged or proved, the property of Appellees being located in such Park Place."

In the state of the record, this Court is constrained to uphold the trial court's action.

It is deemed unnecessary to go further than to ground this holding upon the trial court's action in setting aside the jury's findings on the first four of the extended special-issues submitted to it; this for the reason that the evidence conclusively showed that none of the facts therein found by the jury existed, as the trial court so determined, and this Court approves; wherefore, without them, appellants' case

for the upholding of the restrictions could not prevail. In other words, they were indispensable to its support.

These authorities support that conclusion: Cannon v. Ferguson, Tex.Civ.App., 190 S.W.2d 831; Curlee v. Walker, 112 Tex. 40, 244 S.W. 497; Goodman v. Bingle, Tex.Civ.App., 48 S.W.2d 432; Hooper v. Lottman, Tex.Civ.App., 171 S.W. 270; Miller v. Babb, Tex.Com.App., 263 S.W. 253; Pierson v. Canfield, Tex.Civ.App., 272 S.W. 231; Scaling v. Sutton, Tex.Civ.App., 167 S.W.2d 275; Scull v. Eilenberg, 94 N.J.Eq., 759, 121 A. 788; Taylor v. McLennon County Crippled Children's Ass'n, Tex.Civ. App., 206 S.W.2d 632.

It is thought that a small map, or sketch, of the area immediately surrounding the property of the appellees, which they have attached to their brief, and to which no objection from appellants has been noted, may be useful in applying the law to the facts. It is, accordingly, attached hereto as a part hereof, as an exhibit.

The testimony, and particularly that of the witness, Mr. Charlton, who was connected with the Park Place Company from about the end of the year 1915, until about the end of 1926, is thought to sustain the conclusions-of-fact of the trial court, which have been so embodied in the first three quoted counter-points of the appellees herein; for instance, he testified that the restrictions to expire twenty-five years after January 1 of 1924, were put in the first five deeds after one deed from the Company to himself, because the purchasers insisted on that, and the Company was anxious to get houses built in there; after such first five houses were built, the Company, he testified, stuck to that plan as long as he had been with it, but what

happened after he left it in 1926, he did not know; indeed, Mr. Charlton seems to have testified to enough to have made it clear to the trial court that the whole matter of "restrictions" over the properties this litigation had specifically to do with—as well as other sections of the area, even as to the designated "country-club addition" of Park Place—was never in fact subjected to such a fixed plan, or scheme, as became a part of the land itself that the appellees became the owners of, at any time; but that, on the other hand, the entire property—called generally "Park Place"—was left, as to restrictions, in such a condition that it could have been changed by the Company at any time, hence that no restrictions had been placed of record unconditionally as to all the property; in other words, as a whole, it had been retained in such state that the Company might from time to time change any "restrictions" upon it; indeed, the map of Park Place, recorded in Volume 4, page 10, of Harris County Map Records, was shown to have contained the usual dedication of streets, etc., and, under Paragraph 3 thereof, the Corporation expressly reserved to itself, its successors and assigns, against all the world, this: "(b) the exclusive right to do each and every act in or on said streets or alleys and such other construction as may be necessary or convenient in the judgment of said corporation for propelling machinery, or other purposes, calculated in its judgment to make such 'Park Place' desirable and convenient for business, or resident purposes, and this without any restriction of any kind or character."

It also appears that the property of the appellees here was described on that map.

The authorities cited, supra, seem to this Court to fully sustain the stated conclusions of the trial court in so having set aside the four findings made by the jury, in determining that the law applied thereto settled the justiciable part of the controversy adversely to the appellants, and in favor of the appellees.

Further discussion is deemed unnecessary, since these conclusions determine the merits of the appeal. They require the judgment so rendered to be affirmed. It will be so ordered.

Affirmed.