MEYERLAND COMMUNITY IM-
PROVEMENT ASSOCIATION,
Appellant,

v.

Mitchell G. TEMPLE, et al, Appellee.

No. 01–85–0154–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 24, 1985.
Rehearing Denied Nov. 27, 1985.

Michael S. Wilk, Susan G. Perin, Hirsch & Westheimer, Houston, for appellant.

Robert L. Collins, Robert Collins & Associates, Daniel Kistler, Ronald G. Fitzgerald, Gerald Woolf, Houston, for appellee.

Before DUNN and SAM BASS, JJ., and KEITH, J.,* Retired.

## OPINION

DUNN, Justice.

Appellant, Meyerland Community Improvement Association, ("MCIA"), is a civic organization composed of the 2,315 lot owners in the Meyerland Addition, Harris County, Texas. MCIA brought this action for declaratory judgment against appellees, composed of 62 lot owners in Section 4 of the Meyerland Addition, the Development Group, Inc., and Beretta & Company. Essentially, MCIA instituted the suit to prohibit the lot owners in Section 4 from selling their property to the Development Group, Inc., for a proposed nonresidential use.

The basis of the suit, therefore, is the interpretation of deed restrictions covering the Meyerland Addition. Development started in Meyerland in the early 1950's, beginning with the development of Section 1. The development continued on a section-by-section basis until the early 1970's when the last section was completed. In all, twenty-one separate sections were platted and developed. Each section was platted separately, and each section had its own set of deed restrictions, which were recorded in the real property records of

* Quentin Keith, Justice, Ninth Court of Appeals (Ret.), sitting by assignment. See Art. 1812, as amended.

Harris County. No general plan for the entire Addition was recorded.

The original restrictive covenants for each section in Meyerland provided for an initial term of twenty-five years and for automatic, successive 10–year renewal terms *unless changed by a majority of the then-existing lot owners.*

Restrictive covenants for the various sections began coming up for renewal in 1979. The majority of lot owners in five sections, including Section 4, elected to adopt amended deed restrictions. The following amendments were made to the restrictive covenants for Section 4:

23. TERM—

These covenants are to run with the land and shall be binding on all parties and all persons claiming under them until January 1, 2000, after which time said covenant shall be automatically extended for successive periods of ten years unless an instrument signed by a majority of the then owners of the lots has been recorded, agreeing to change said covenants in whole or in part.

22. AMENDMENTS AND CHANGES TO RESTRICTIONS AND COVENANTS—

These restrictions and covenants may be amended and changed at any time by the affirmative vote of the then lot owners of at least ⅔ of the lots shown by the recorded plat Meyerland, Section 4, evidenced by written agreement signed and acknowledged by the then owners of at least ⅔ of such lots: such amendment or change shall become effective upon such written agreement being filed for the record in the Office of the County Clerk of Harris County, Texas; provided, however, that the person or persons requesting an amendment for a change, or the Meyerland Community Improvement Association if it be the requestor, shall bear all expenses in connection therewith.

At trial, MCIA sought a declaration as to the validity and scope of these amendment provisions. The trial court entered judgment for appellees, based on the following jury findings to special issues:

1) The Meyerland Addition was established pursuant to a general plan or scheme of development for single family residential use;

2) There has been such a change in conditions affecting the property in Section 4 of the Meyerland Addition that it is no longer possible to secure in substantial degree the benefits for which the restrictive covenants, restricting the addition to its residential property use only, were originally intended.

3) No harm would result to the remaining lot owners in the Meyerland Addition if the deed restrictions, restricting the property in Section 4 to residential single family use, were removed;

4) The actual intent of the parties to the amended deed restrictions of Section 4, with respect to paragraph 22, was that the deed restrictions could be amended at any time to change the use of the property to some character other than residential single family use.

MCIA appeals from the trial court's declaratory judgment and asserts twenty-two points of error, which it groups under seven propositions.

█ MCIA's first proposition asserts that any amendment to the restrictive covenants affecting Section 4 of the Meyerland Addition must be consistent with the general plan of development for single family residential use under which the entire Meyerland Addition was established and has been maintained.

MCIA contends that this establishment and maintenance of a general plan or scheme imposed negative reciprocal easements on all property in the Meyerland Addition, including Section 4. MCIA cites cases to support the well-established doctrine that a general plan or scheme for development commonly evidences the parties' intent to invoke the protection of restrictive covenants for the purchases of property subject to the covenants. *See Curlee v. Walker,* 112 Tex. 40, 244 S.W. 497 (1922); *Lehmann v. Wallace,* 510 S.W.2d 675 (Tex.Civ.App.—San Antonio

1974, writ ref'd n.r.e.); *Schulz v. Zoeller,* 568 S.W.2d 677 (Tex.Civ.App.—San Antonio 1978, writ ref'd n.r.e.). However, we find that the right of each section in the Meyerland Addition to change its respective restrictive covenants after 25 years evinces no intent to impose a continuing common plan or scheme. Court enforcement of the equitable doctrine of "general plan or scheme" cannot be used to abrogate the specific agreement of the parties. *See Gray v. Lewis,* 241 S.W.2d 313 (Tex.Civ. App.—Galveston 1951, writ ref'd n.r.e.).

In *Wren Mortgage Co. v. Timber Lakes & Timber Ridge Association, Inc.,* 612 S.W.2d 618 (Tex.Civ.App.—Beaumont 1980, writ ref'd n.r.e.), the court addressed a similar situation. There, separate restrictions were imposed upon nine different subdivisions created by a common owner. The nine instruments expressly provided that the restrictions could be changed or abolished by the majority of the lot owners within each subdivision. The Beaumont court found that these facts conclusively negated the idea that there was any plan or scheme applicable to the entire tract, and thus there were no reciprocal uniform covenants covering the entire tract.

The jury's finding that the Meyerland Addition was established and maintained pursuant to a general plan or scheme of development is not dispositive of MCIA's first proposition.

In MCIA's supplemental brief, it asserts that the recent decision in *Hanchett v. East Sunnyside Civic League,* 696 S.W.2d 613 (Tex.App.—Houston [14th Dist.], 1985) further supports its first proposition. *Hanchett,* in which a majority of lot owners unsuccessfully attempted to amend their deed restrictions, is easily distinguishable from the instant case. As noted by the *Hanchett* court, those original deed restrictions did not contain any language that authorized or provided a procedure for the amendment of those restrictions.

In contrast, the original restrictive covenants filed for each section of the Meyerland Addition provided that after the passage of 25 years, a majority of the then-existing lot owners in each individual section could change their respective covenants in whole or in part. As stated by the court in *Valdes v. Moore,* 476 S.W.2d 936 (Tex.Civ. App.—Houston [14th Dist.] 1972, writ ref'd n.r.e.):

> [A]ppellants acquired their title to the property in the subdivision subject to the provision that the general plan of a residential subdivision might be altered by amendment of the original restrictions which established such plan. They may not successfully complain of its alteration in the manner so provided.

*Id.* at 941 (citing *Couch v. Southern Methodist University,* 10 S.W.2d 973 (Tex. Comm'n App.1928, judgmt adopted); *Loving v. Clem,* 30 S.W.2d 590 (Tex.Civ.App.— Dallas 1930, writ ref'd)).

In *Loving,* the subdivider had also created different sections within a single subdivision, with provisions for amendment varied in the different areas. The court held that since the different provisions for amendment applied to different sections, it was the intention of the subdivider that lot owners in each section had the power to alter the restrictions in their own area without the intervention of lot owners in another section. 30 S.W.2d at 592–93.

We find that the principles of the decisions in *Valdes* and *Loving* are applicable to the case before this court. Appellant's first point of error is overruled.

MCIA groups its next 5 points of error under proposition 2, which contends that the only credible testimony established that the amendments and changes provision of Section 4's amended deed restriction (paragraph 22) was not intended to be used to change the single-family residential character of the property in the Meyerland Addition. These points of error relate to special issue number 4 and its jury finding, set out below:

SPECIAL ISSUE NUMBER FOUR

"Do you find from a preponderance of the evidence that the actual intent of the parties to the amended deed restrictions

of Section 4, with respect to Paragraph 22, was that the deed restrictions could not be amended at any time to change the use of the property to some character other than residential single family use? Answer: 'We do' or 'We do not'. Answer: *We do not"*

Specifically, MCIA argues that it proved as a matter of law that paragraph 22 was not so intended, and in the alternative, that there was no evidence or insufficient evidence to support the jury finding, or that such finding was against the great weight and preponderance of the evidence. These points were raised by MCIA in its motion for new trial. Tex.R.Civ.P. 324(b)(2) and (3).

 In reviewing "matter of law" points of error, the reviewing court must consider all of the evidence, and only if the converse of the jury finding is established conclusively by the evidence in the record will the point of error be sustained. "No evidence" points of error require a review of only the evidence and inferences favorable to the jury finding, and unfavorable evidence and inferences must be disregarded. "Factual sufficiency" and "great weight" points of error demand that the reviewing court consider all of the evidence in the case, both that in support of and that contrary to the finding. *See generally,* Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error,* 38 Tex.L.Rev. 361 (1960). These standards of review apply to all MCIA's evidentiary points of error.

The crux of MCIA's second proposition is the construction to be given Section 4's amended deed restrictions, particularly paragraphs 22 and 23.

 The primary rule in construing a restrictive covenant, as with any other contractual provision, is to ascertain the intention of the parties so that their purpose may be effectuated, *Couch,* 10 S.W.2d at 973. However, in construing a contractual provision, it is the objective, and not the subjective, intent of the parties that must be ascertained; it is the intent expressed or apparent in the writing that controls. *City of Pinehurst v. Spooner Addition Water Co.,* 432 S.W.2d 515 (Tex.1968). The terms of the contract must be the conclusive factor because such terms may have a meaning different from that which either party contemplated. *Id.* at 518.

MCIA strongly asserts that paragraphs 22 and 23, when read together, disallow the amendment of the Section 4 restriction to single-family residential use until the year 2000. We disagree. Paragraph 22 specifically provides for amendments and changes to the Section 4 restrictions and covenants by an affirmative vote of two-thirds of the Section 4 lot owners. Paragraph 23, while stating that the covenants shall be binding until January 1, 2000, also qualifies that language with the proviso *"unless* an instrument signed by a majority of the then owners of the lots has been recorded, agreeing to change said covenants in whole or in part." (Emphasis added.)

 The language of paragraph 22 is clear and unambiguous. While it is proper to consider the execution and circumstances surrounding the execution of a contract in construing it, it is improper to consider testimony of the parties about what they intended the contractual language to mean, unless the contract is found to be ambiguous. *Sun Oil Co. v. Madeley,* 626 S.W.2d 726, 731–32 (Tex.1981).

Appellant's points of error 2 through 6 are overruled.

 MCIA's third proposition asserts that the trial court erred in failing to disqualify Jay Siskind from representing the Section 4 lot owners, because Siskind had previously represented MCIA in actions to enforce deed restrictions and had drafted the amended deed restrictions, including paragraph 22. For this proposition, MCIA relies on Siskind's possession of "confidential information" given to him by MCIA as a former client, and upon Siskind's appearance as a witness in the case.

MCIA could have no expectation of privacy in any information given to Siskind during their previous attorney-client relation-

ship because at that time, Siskind was representing *all* of the Meyerland Addition, including Section 4. *Cf. Brennan's, Inc. v. Brennan's Restaurants, Inc.*, 590 F.2d 168 (5th Cir.1979).

Further, Siskind's testimony regarding the drafting of paragraph 22 was not exclusive, but merely cumulative of the testimony of other MCIA witnesses who had served on the restrictions committee. The record reveals that all committee meetings were open to the public, so no confidences could have been divulged that were known only to Siskind.

Appellant's seventh point of error is overruled.

Appellant's fourth proposition avers that the trial court reversibly erred in allowing evidence of flooding, because flooding is not a "change of conditions" as a matter of law, and such evidence unfairly prejudiced the jury.

The jury found that there had been such a change in conditions affecting the property in Section 4 that it was no longer possible to secure the benefits for which the restrictive covenants were originally intended. It should be noted that the special issue did not specifically mention flooding as a change of condition, and that there was evidence of other changed conditions affecting Section 4.

Further, appellant failed to properly object to the submission of the special issue on change of conditions and cannot successfully raise the issue on appeal. *Cannan v. Varn*, 591 S.W.2d 583 (Tex.Civ.App. —Corpus Christi 1979, writ ref'd n.r.e.).

Appellant's eighth and ninth points of error are overruled.

MCIA's fifth proposition encompasses seven points of error and asserts that the change of conditions issue was improperly submitted to the jury and that there was no evidence to support the jury finding.

As noted above in the discussion of MCIA's fourth proposition, failure to properly object to the form of a special issue submission waives the point on appeal.

The record does not reflect that MCIA met its burden of properly objecting.

 A review of the record shows that there was sufficient evidence, both from lot owners and from expert witnesses, to support the jury finding that there had been such a change in conditions affecting the property in Section 4 that it was no longer possible to secure, in substantial degree, the benefits for which the restrictive covenants were originally intended. Appellant's points of error 10 through 16 are overruled.

MCIA's sixth proposition contends that the case proceeded to trial incorrectly and that the defendant class included members with whom the MCIA had no justiciable controversy, specifically, sections 1, 2, 3, and 5 of the Meyerland Addition.

The trial court has broad discretion in ordering the alignment of parties, and its actions will not be disturbed on appeal except for the abuse of that discretion. *Pitts v. Ashcraft*, 586 S.W.2d 685, 698 (Tex.Civ. App.—Corpus Christi 1979; writ ref'd n.r. e.).

No reason exists to compel the joinder of other sections of the Meyerland Addition, since each section has its own applicable deed restrictions. *See Loving*, 30 S.W.2d at 590.

Appellant's points of error 17 through 19 are overruled.

MCIA's seventh and final proposition asserts that the trial court abused its discretion in its award of attorney's fees to Siskind for his representation of the Section 4 lot owners.

We have reviewed the record and find that the evidence is sufficient to support the trial court's award of attorney's fees, and that such award is "equitaole and just." Tex.Rev.Civ.Stat.Ann. art. 2524–1, sec. 10 (Vernon Supp.1985).

Appellant's points of error 20 through 23 are overruled.

The judgment of the trial court is affirmed in all things.