Kincheloe v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-93-242-CR

     KENNETH MONROE KINCHELOE, JR.,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS
                                                                                              Appellee
 

From the 220th District Court
Hamilton County, Texas
Trial Court # 6657
                                                                                                    

MEMORANDUM OPINION
                                                                                                    

      Appellant was indicted for the offense of burglary of a habitation. He failed to timely appear
for a jury trial on numerous occasions and his bond was revoked. He appealed the denial of his
application for a writ of habeas corpus in the Institutional Division of the Texas Department of
Criminal Justice.
      Appellant has filed in this court a personally signed request, approved by his attorney, to
withdraw his notice of appeal and to dismiss the appeal. No decision of this court having been
delivered prior to the receipt of Appellant's request, his request to withdraw the notice of appeal
is granted, and the appeal is dismissed.
                                                                                     PER CURIAM

Before Chief Justice Thomas,
      Justice Cummings, and
      Justice Vance
Dismissed
Opinion delivered and filed November 24, 1993
Do not publish
 



0;                                                           
O P I N I O N
                                                                                                                

      The trial court granted summary judgment for Donna Spence, as independent executor of
the estate of Wayman R. Spence. Jary and Shirley Ganske complain that the contract provision
at issue is ambiguous. Further, Jary and Shirley argue that summary-judgment evidence was
improperly excluded and that their claims are not barred by res judicata. Accordingly, Jary
and Shirley assert that the trial court erred in granting the summary judgment. Because we
hold the summary-judgment evidence was properly excluded and the indemnity provision is
unambiguous, we affirm the trial court’s judgment.
Background
      This case presents a rather complicated procedural background.
The Business Together
      Jary and Shirley Ganske were business associates of Dr. Wayman Spence, deceased,
whose estate is now a party to this appeal.


 Jary Ganske was the President and CEO of WRS
Group; Shirley Ganske was an employee of WRS Group. Spence was the Chairman and
controlling shareholder of WRS Group. Jary and Shirley parted ways from Spence and WRS
Group.
The First Dispute
      There was a prior dispute. To settle the prior dispute, an “AGREEMENT REGARDING
COMPROMISE AND SETTLEMENT OF DISPUTED MATTERS, NON-DISCLOSURE,
NON-COMPETITION, AND MUTUAL RELEASES OF ANY AND ALL CLAIMS” was
entered into. This agreement was signed by Jary and Shirley. It was also signed by Spence in
two capacities: 1) his individual capacity; and 2) for WRS Group. In addition to global mutual
releases, the agreement contains an indemnity provision. The meaning of the indemnity
provision controls the result of the current dispute. The provision reads:
 

6.03 No Assignment of Claims and Indemnification. The Ganskes and the WRS
Parties represent and warrant that no persons, including shareholders, other than them
have any right, title, or interest in and to the claims they have released herein and they
hereby indemnify and hold each other, their officers, directors, employees, agents and
representatives harmless and agree to defend the foregoing against any and all costs,
expenses, or liabilities that may occur as a result of the assertion of the claims against
such parties or parties released in this Article by other persons claiming by, through
or under or because of the relationship with the parties.

(Emphasis added). After the agreement was signed, Spence passed away, and his son-in-law
became WRS’s president.
The Second Dispute
      Jary and Shirley subsequently intervened in a lawsuit, which was removed to federal
court, involving WRS, the Estate, and a former shareholder of WRS. This lawsuit concerned
the potential tax liability for money received from WRS by the former shareholder. Jary and
Shirley had also received money from WRS in a similar manner and questioned the related tax
liability. According to the record before us, Jary and Shirley intervened in the suit and sought
a declaratory judgment against WRS regarding the classification of the money as “income.”
      After Jary and Shirley intervened in the second dispute, WRS asserted counterclaims
against them. WRS, on the one side, and Jary and Shirley, on the other, filed cross motions
for summary judgment. Meanwhile, the Estate filed a motion to dismiss the claims filed
against it by Jary and Shirley. The federal district court ordered that Jary and Shirley’s motion
for summary judgment be partially granted, specifically as to the counterclaims asserted by
WRS. The court’s reasoning was that the agreement released any claims that WRS may have
against Jary and Shirley “whether known or unknown, suspected or unsuspected.” The federal
district court further found that Jary and Shirley had not asserted any claims against the Estate,
and therefore denied as moot the Estate’s motion to dismiss.
The Third Dispute
      Jary and Shirley filed the lawsuit underlying this appeal to recover attorney’s fees and
costs incurred in the second dispute, the federal lawsuit. They sued the Estate alleging that the
indemnity provision of the agreement between WRS, Spence, Jary, and Shirley obligates the
Estate to reimburse Jary and Shirley for costs incurred because of the claims filed against Jary
and Shirley by WRS in the federal lawsuit. The Estate filed a motion for summary judgment
asserting two grounds. The trial court granted the Estate’s motion for summary judgment
without specifying the basis and entered a take nothing judgment against Jary and Shirley.
      Jary and Shirley appeal the take nothing judgment, bringing three issues for review. 
Those issues are: 1) that the trial court erred in concluding as a matter of law that the
obligations of the Estate under the indemnity provision did not extend to claims made against
Jary and Shirley by WRS; 2) that the trial court erred by refusing to consider summary-judgment evidence regarding the circumstances surrounding the formation of the agreement
between the parties; and 3) that Jary’s and Shirley’s indemnification claims against the Estate
are not barred by res judicata because of the federal lawsuit.
      We must first decide whether the trial court could consider the evidence, which is the
subject of the second issue, in determining whether the indemnity provision was ambiguous. 
The trial court determined the evidence was not proper summary judgment evidence. If the
trial court could consider the deputed summary judgment evidence, but, based on its ruling
which excluded the evidence, did not consider it, we must consider the evidence in our
determination of the first issue. It would be evidence which the trial court should have
considered and, therefore, which this Court must consider in determining whether the
summary judgment evidence created a fact issue regarding the meaning of the indemnity
provision.
Standard of Review for Summary Judgment
      The standard of review for a summary judgment is well established: (i) the movant for
summary judgment has the burden of showing there is no genuine issue of material fact and is
entitled to summary judgment as a matter of law; (ii) in deciding whether there is a disputed
material fact issue precluding summary judgment, evidence favorable to the non-movant will
be taken as true; and (iii) every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. Nixon v. Mr. Property Mgt. Co., 690 S.W.2d
546, 548-49 (Tex. 1985).
      For a defendant to prevail on summary judgment, it must show there is no genuine issue of
material fact concerning one or more essential elements of the plaintiff's cause of action or
establish each element of an affirmative defense as a matter of law. Black v. Victoria Lloyds
Ins. Co., 797 S.W.2d 20, 27 (Tex. 1990). If the defendant disproves an element of the
plaintiff's cause of action as a matter of law, summary judgment is appropriate. Friendswood
Dev. Co. v. McDade & Co., 926 S.W.2d 280, 282 (Tex. 1996).
      When the trial court does not specify the basis for its summary judgment, the appealing
party must show it is error to base it on any ground asserted in the motion. Star-Telegram,
Inc. v. Doe, 915 S.W.2d 471, 473 (Tex. 1995).
Issue Two—Surrounding Circumstances
      In their second issue, Jary and Shirley argue that the trial court erred by refusing to
consider summary-judgment evidence. They contend the evidence regarding the circumstances
surrounding the formation of the agreement is admissible summary-judgment evidence. We
must determine what summary-judgment evidence should have been considered by the trial
court before we can review the merits of the summary judgment. Thus we must address issue
two regarding objections to the summary-judgment evidence before we reach issue one
regarding the interpretation of the indemnity provision.
Applicable Law
      In reviewing whether a trial court has erred in the admission or exclusion of summary-judgment evidence, as with any evidence, we use an abuse-of-discretion standard. Ash v. Hack
Branch Distributing Co., Inc., 54 S.W.3d 401, 409 (Tex. App.—Waco 2001, pet. denied). A
trial court “abuses its discretion when it reaches a decision so arbitrary and unreasonable as to
amount to a clear and prejudicial error of law.” BMC Software Belgium, N.V. v. Marchand,
83 S.W.3d 789, 800 (Tex. 2002) (quoting Johnson v. Fourth Court of Appeals, 700 S.W.2d
916, 917 (Tex. 1985)).
      Jary and Shirley complain that the trial court erroneously excluded summary-judgment
evidence that goes to the circumstances surrounding the formation of the contract. The Estate
argues that the evidence should be excluded based on “best evidence” and “parol evidence”
objections. Jary and Shirley contend these are improper objections upon which to exclude the
evidence. The best evidence rule “requires that if the contents of a writing are to be proved, it
must be by the production, if possible, of the very writing itself.” Ortiz v. State, 651 S.W.2d
764, 766 (Tex. Crim. App. 1983). Parole evidence cannot be admitted to add to, vary, or
contradict a contract’s unambiguous provisions. Wilkins v. Bain, 615 S.W.2d 314, 315 (Tex.
Civ. App.—Dallas 1981, no writ).
Analysis
      Upon examination of the record, we find objections made upon best evidence and parole
evidence grounds that were sustained by the trial court to three portions of the summary-judgment evidence. Two were portions of an affidavit sworn to by the lawyer that represented
Jary and Shirley during the negotiations culminating in the agreement. And the third is a
portion of an affidavit sworn to by Jary. Because these are the objections about which Jary
and Shirley complain of the ruling our analysis of the objections is limited to these three
portions of the summary-judgment evidence.
      First, we will consider the “best evidence” objection. The parties in this case do not
dispute the contents of the writing. The wording of the agreement is not contested. It is the
interpretation and construction of a particular provision of the agreement that is at issue. A
best evidence objection to this evidence is improper. If the trial court excluded the evidence on
a best evidence objection, it erred.
      We now consider whether the evidence was properly excluded based upon the parole-evidence objection. In order to decide whether the evidence adds to, varies, or contradicts the
indemnity provision at issue, we must look more closely at the language of each objected-to
portion of summary-judgment evidence.
      The first portion, in the attorney’s affidavit, states: “The indemnity agreement was meant
to insure the peace and specifically to deter any action by any party, including Scott Salmans,
whether individually, through WRS Group, or through any other entity, against the Ganskes.” 
The second portion, also in the attorney’s affidavit, reads: “It was specifically our intent to
have the potential liability flow to Mr. Spence so that Mr. Salmans, through WRS or any
entity, or others would think twice about instigating litigation.” The third portion is a passage
in Jary’s affidavit that reads: “Accordingly, my attorney demanded that Dr. Spence
individually agree to indemnify me and my wife and hold us harmless with respect to any costs
or liabilities arising out of the assertion of the released claims against us by WRS Group, Inc.
or any other party.”
      All three passages have a common trait: they each try to explain what it was the parties
meant or sought to achieve by the agreement. This is evident by the use of the phrase “was
meant to insure” in the first referenced summary-judgment evidence, “it was specifically our
intent” in the second, and “my attorney demanded” in the third. The phrases do not describe
the circumstances surrounding the execution of the agreement, but are merely efforts to tell the
trial court what the parties sought to accomplish by the agreement. By focusing on the result
the parties sought to achieve rather than the circumstances existing at the time of execution of
the document, the evidence attempts to add to, vary, or contradict the terms of the indemnity
provision in the agreement.
      We conclude that the trial court did not abuse its discretion in excluding this evidence
upon a timely objection that it was parole-evidence. And because this evidence was properly
excluded, we do not consider it when deciding whether a fact issue exists regarding the
interpretation of the agreement, as we would if the evidence had related to the circumstances
existing at the time the agreement was made. We overrule issue two.
Issue One—Ambiguity of provision
      We will now consider the indemnity provision of the agreement and determine whether it
is ambiguous. Jary and Shirley argue in their first issue that the trial court erred in concluding
that the indemnity provision of the agreement is unambiguous, and that the obligations of the
Estate under the indemnity provision do not extend to claims made against Jary and Shirley by
WRS.
Applicable Law
      Whether a contract is ambiguous is a question of law that the court determines by
examining the contract as a whole, in light of the circumstances present when the parties
entered into the contract. Grimes v. Andrews, 997 S.W.2d 877, 881 (Tex. App.—Waco 1999,
no pet.). A contract is not ambiguous when it is so worded that it can be given a certain or
definite legal meaning or interpretation. Id. at 882. It is ambiguous when its meaning is
uncertain and doubtful or it is reasonably susceptible to more than one meaning. Id. But, an
ambiguity does not arise merely because the parties advance conflicting interpretations. Id. If
a contract is ambiguous, then a fact issue exists on the parties’ intent, and summary judgment
is not proper. Id.
      In construing a contract provision, the court may ascertain the intention of the parties so
that their purpose may be effectuated, but it is the objective intent, not the subjective intent that
must be looked at. Meyerland Community Improvement Assn. v. Temple, 700 S.W.2d 263,
267 (Tex. App.—Houston [1st Dist.] 1985, writ ref’d n.r.e.). “[I]t is the intent expressed or
apparent in the writing that controls.” Id. (citing City of Pinehurst v. Spooner Addition Water
Co., 432 S.W.2d 515, 518 (Tex. 1968)). Indeed, “[t]he terms of the contract must be the
conclusive factor because such terms may have a meaning different from that which either
party contemplated.” Id.
      Further, in considering indemnity provisions, it is important to note that an indemnity
provision generally does not apply to claims between the parties to an agreement. Wallerstein
v. Spirt, 8 S.W.3d 774, 780 (Tex. App.—Austin 1999, no pet.) (citing Derr Constr. Co. v.
City of Houston, 846 S.W.2d 854, 858 (Tex. App.—Houston [14th Dist.] 1992, no writ)). 
“Rather, [the provision] obligates the indemnitor to protect the indemnitee against claims
brought by persons not a party to the provision.” Id. But we should not be heard to say that
an indemnity provision cannot be written such that the parties indemnify each other against
claims they later assert against the other. See Ingersoll-Rand Co. v. Valero Energy Corp., 997
S.W.2d 203, 208 (Tex. 1999).
Analysis
      Jary and Shirley argue that the circumstances present when the parties entered into the
agreement show they were concerned that WRS would soon be taken over by Spence’s son-in-law, and Jary and Shirley specifically wanted Spence’s personal guarantee that WRS, under the
son-in-law’s control, would not assert claims against them. Jary and Shirley conclude that
these circumstances dictate that the indemnity provision was intended to provide for either one
of the “WRS Parties”—WRS or Spence—to indemnify Jary and Shirley against the other of the
“WRS Parties.” Jary and Shirley argue in their brief that a reasonable interpretation of the
clause is that:
[Dr. Spence] . . . hereby indemnif[ies] and hold[s] [Jary and Shirley] . . . harmless
and agree[s] to defend [Jary and Shirley] against any and all costs, expenses, or
liabilities that may occur as a result of the claims against [Jary and Shirley] by other
persons claiming by . . . [WRS Group].

(Emphasis added). Jary and Shirley contend that the only way to give effect to “claiming by .
. . the parties” is to allow “other persons” to mean WRS. We disagree. While Jary and
Shirley may very well have been concerned about WRS asserting claims against them, we
conclude that this interpretation of the indemnity provision is not one to which the provision is
reasonably susceptible. The intent that is unambiguously apparent in the provision, as written,
is that the WRS Parties, which is WRS and the Estate, agrees to indemnify Jary and Shirley
against the assertion of claims against them “by other persons,” including other persons
claiming by their relationship with the WRS Parties. Because WRS is part of the WRS Parties,
it cannot, at the same time, be an “other person” under the indemnity provision. Again, we do
not say that the provision could not have been written such that the parties indemnify each
other against claims asserted against each other, only that, in this case, it was not. Issue one is
overruled.
Conclusion
      The evidence which Jary and Shirley contend should have been considered in determining 
whether the agreement was ambiguous and the meaning of the provision was properly
excluded. Also, the indemnity provision is unambiguous. Because the trial court’s judgment
is proper based upon this analysis, we need not decide the third issue raised by Jary and
Shirley. The trial court’s judgment is affirmed.
 
                                                                   TOM GRAY
                                                                   Chief Justice

Before Chief Justice Gray,
      Justice Vance, and
      Justice Reyna



      (Justice Vance concurring)
Affirmed
Opinion delivered and filed January 28, 2004
[CV06]