Walter HANCHETT, Appellant,

v.

EAST SUNNYSIDE CIVIC LEAGUE,
et al., Appellees.

No. A14–84–813–CV.

Court of Appeals of Texas,
Houston (14th Dist.)

June 27, 1985.

Rehearing Denied Aug. 1, 1985.

J.S. Norman Jr., Norman & Norman, Houston, for appellant.

Jesse R. Funchess, Houston, for appellees.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

J. CURTISS BROWN, Chief Justice.

Walter Hanchett (appellant or Hanchett) appeals from the judgment of the trial court granting an injunction on the merits in favor of appellees to enforce the terms of a 1955 deed restriction under which appellant took his property. Appellant asserts four points of error on appeal, all of which attack the applicability of the 1955 deed restriction and two later amendments to his property. We affirm.

East Sunnyside Court is a residential subdivision that was developed by the South End Investment Company. A set of restrictive covenants had been entered into by the South End Investment Company (the seller) and purchasers of East Sunnyside Lots and recorded with the County Clerk of Harris County on November 4, 1955. The provisions of the 1955 restrictive covenants state that their purpose is to establish a uniform plan of development and that "every parcel and tract of land included in the property above described with said restrictions shall constitute covenants running with the land and same shall inure to the benefit, not only of the South End Investment Company, its successors and assigns, but shall also inure to each and every purchaser of homesites within the area defined above ..."

The 1955 restrictions contain fourteen separate prohibitions, two of which are relevant to this case: the architectural control committee restriction and the dwelling cost restriction. The architectural control restriction requires that all plans for a proposed home must be approved by the architectural control committee before construction on any lot is permitted. The names and addresses of all three members of this committee are also set forth. The dwelling cost restriction requires that "No dwelling shall be permitted on any lot at a cost of less than $8,500.00 based upon cost levels prevailing on the date these covenants are recorded ..." Neither the deed nor the 1955 restrictions contain any language that authorizes or provides a procedure for the amendment of these restrictions.

On August 18, 1966 Hanchett entered into a sales contract with the South End Investment Company for the purchase of a tract of land in this residential subdivision. Appellant received the deed from the developer on September 25, 1970. The deed provides that, "This deed is subject to the restrictive covenants now of record in the County Clerk's office of Harris County, Texas."

The appellant admits that he took title to the land subject to the 1955 restriction, and that he failed to seek approval from the architectural control committee before moving the house onto the lot. In 1964 a majority of the lot-owners in the sub-division executed an amendment to the 1955 restrictions which was subsequently recorded on August 9, 1977. The pertinent portion of this first amendment states that "No house shall be moved in and placed on any lot in said subdivision." Again, in 1977 a majority of lot-owners in the sub-division executed and recorded on October 4, 1977 an amendment to the original restrictions. The second amendment provides that a majority of lot-owners can renew and extend the restrictions.

On June 20, 1984, appellant purchased a house in a different section of Houston for $2,200.00 from a friend and had it moved onto his lot in the East Sunnyside Court sub-division. He subsequently insured the house for $53,000.

The trial court found that appellant's property was subject to the 1955 restrictions and to the 1964 and 1977 amendments. It further found that appellant had violated all these provisions and ordered him to remove his house from the subdivision.

Appellant contends in points of error one and two that the court erred in finding appellant's lot subject to the 1964 and 1977 amendments.

■ In order for a subsequent instrument to amend the original restrictive covenants governing a subdivision, three conditions must be met. First, the instrument creating the original restrictions must establish both the right to amend such restrictions and the method of amendment. *Couch v. Southern Methodist University,* 10 S.W.2d 973, 974 (Tex.Comm'n App.1928, judgmt. adopted); *Loving v. Clem,* 30 S.W.2d 590 (Tex.Civ.App.—Dallas 1930, writ ref'd).[1] Second, the right to amend such restrictions implies only those changes contemplating a correction, improvement, or reformation of the agreement rather than a complete destruction of it. *Couch v. Southern Methodist University,* 10 S.W.2d at 974. Third, the amendment to the restrictions may not be illegal or against public policy. *Harrison v. Air Park Estates Zoning Committee,* 533 S.W.2d 108, 111 (Tex.Civ.App.—Dallas 1976, no writ).

■ In this case we need look no further than the initial element of the above prescribed standard in order to invalidate the 1964 and 1977 amendments to the original restrictions. Neither the deed nor the original restrictions contain any language that creates a right or a method to amend. This

deficiency is fatal to the enforceability of the two amendments.

■ Even if a right and method to amend had been established by the deed or original restrictions, the amendments in this case would be unenforceable. We recognize the general rule that some of the owners of property in a restricted sub-division may not release or modify applicable restriction without the concurrence of others who own property in the subdivision. *Smith v. Williams,* 422 S.W.2d 168, 173 (Tex.1967); *Farmer v. Thompson,* 289 S.W.2d 351 (Tex.Civ.App.—Fort Worth, 1956, writ. ref'd. n.r.e.). "Concurrence" implies actual notice to all the property owners to provide an opportunity to express approval or disapproval of a proposed change. *Harrison v. Air Park Estate Zoning Committee,* 533 S.W.2d 108, 110 (Tex.Civ.App.—Dallas 1976, no writ). Since the 1964 amendment had not been recorded, there is no evidence appellant received actual notice of it. Neither did he receive notice of any proposed amendment in 1977. Therefore neither amendment applies to his property. Accordingly, appellant's first two points of error are sustained.

Appellant contends in his third point of error that the court erred in ordering him to remove his house from his lot in the sub-division because there was no evidence to support such an order. The 1955 architectural control committee restriction does provide the names and addresses of the three members of the committee. However, at the time that appellant moved his house into the sub-division, one member of the committee was known to be dead, another was presumed dead, and the other member could not be located.

■ In light of the fact that no language in the deed or original restrictions provided a method of succession of membership to the architectural control committee, failure by appellant to satisfy this restriction does not in itself justify forcing

---

1. *See also Valdes v. Moore,* 476 S.W.2d 936, 941 (Tex.Civ.App.—Houston [14th Dist.] 1972, writ ref'd n.r.e.); *Cf. Smith v. Williams,* 422 S.W.2d 168 (Tex.1967).

appellant to remove his house from the subdivision. However, the dwelling cost restriction was clearly stated in the original restrictions. Both parties agreed at trial and again at oral argument that the $8500 figure stated in the 1955 restriction would translate into an amount in excess of $40,-000 in today's market. Since appellant paid only $2200 for the house, the evidence was clearly sufficient to support the trial court's finding that appellant had violated the cost restriction and its order that the house be removed. Appellant's third point of error is overruled.

Appellant contends in his fourth point of error that in the absence of any violation of the 1955, 1964 or 1977 restriction, the court erred in awarding attorney's fees to appellees. Since we have found that the violation of the 1955 cost restriction was sufficient to support the judgment for appellees, appellees were entitled to reasonable attorney's fees pursuant to TEX.REV.CIV.STATS.ANN. art. 1293b (Vernon 1980). Appellant's fourth point of error is overruled.

The judgment of the trial court is affirmed.