**L.R. FRENCH, Jr., Appellant,**

v.

**DIAMOND HILL–JARVIS CIVIC LEAGUE, Karren Homeowner's Association, Donnis Hatchett, Pat Fritz and Joy Godbey, Appellees.**

No. 2–86–061–CV.

Court of Appeals of Texas, Fort Worth.

Feb. 5, 1987.

Rehearing Denied March 12, 1987.

Strasburger & Price and W. Edward Walts, II and Mark M. Donheiser, Dallas, for appellant.

Lane, Lane, Ware & Reyes and Michael Logan Ware, Fort Worth, for appellees.

Before FENDER, C.J., and HILL and HOPKINS, JJ.

## OPINION

HILL, Justice.

L.R. French, Jr. appeals from a denial of his request for a declaratory judgment that certain restrictive covenants no longer apply to or run with the Karren Addition, Third Filing, blocks 14, 15, 16, 17, 18, and 19, as described in volume 388–G, page 60, of the plat records of Tarrant County or, alternatively, a declaration that such covenants no longer apply to or run with the Karren Addition, Third Filing, as recorded in volume 388–G, page 60 of the Tarrant County plat records. French's counterclaim was filed in response to a petition for injunction brought by the Diamond Hill-Jarvis Civic League, the Karren Homeowner's Association, Donnis Hatchett, Pat Fritz, and Joy Godbey, the appellees. The appellees' injunction suit was brought against French and others to enforce certain deed restrictions. One of the other defendants, U–Totem, Inc. also filed a counterclaim. Prior to trial, appellees reached a settlement with all defendants other than French and indicated that they did not desire to proceed with their claim as to him. Trial on French's counterclaim was before the court, who denied French all relief requested. French presents twelve points of error on appeal.

We reverse and render judgment as requested by French, remanding the issue of attorney's fees to the trial court for reconsideration in view of our ruling.

In point of error number one, French asserts that the trial court erred in its finding of fact no. 1, which found that the restrictive covenants have not been released, because the evidence showed that the covenants have been released as a matter of law.

Findings of fact entered in a case tried to the court are of the same force and dignity as a jury's verdict upon special issues. *City of Clute v. City of Lake Jackson*, 559 S.W.2d 391, 395 (Tex.Civ.App.—Houston [14th Dist.] 1977, writ ref'd n.r.e.). The trial court's findings of fact are reviewable for legal and factual sufficiency of the evidence to support them, *First Nat. Bank in Dallas v. Kinabrew*, 589 S.W.2d 137, 146 (Tex.Civ.App.—Tyler 1979, writ ref'd n.r.e.), by the same standards as are applied in reviewing the legal or factual sufficiency of the evidence supporting a jury's answer to a special issue. *Okon v. Levy*, 612 S.W.2d 938, 941 (Tex.Civ.App.—Dallas 1981, writ ref'd n.r.e.).

If an appellant is attacking the legal sufficiency of an adverse finding to a special issue on which he had the burden of proof, the Supreme Court of Texas has stated that the appellant must, as a matter of law, overcome two hurdles. *See Holley v. Watts*, 629 S.W.2d 694, 696 (Tex.1982). First, the record must be examined for evidence that supports the finding, while ignoring all evidence to the contrary. *Id.* If there is no evidence to support the fact finder's answer, then secondly, the entire

record must be examined to see if the contrary proposition is established as a matter of law. *Id.*

The deed restrictions in question provide that they may be released "by vote of a majority of the then owners of the lots." Regardless of whether husbands and wives are treated as one or two owners, the evidence reflects that a majority of the affected owners have filed releases of the deed restrictions. The appellees maintain that despite the fact that the majority of lot owners have filed releases of the covenants, that the covenants are not released because the "votes" were not counted on a one lot-one vote basis and, if they had been, there would not be a majority of owners favoring release; the vote tally does not purport to include the equitable owners of the lots; all or most of the releases were signed prior to January 1, 1985, and are therefore not the votes of the owners of the lots *as of* January 1, 1985; the effort was to abolish the restrictions rather than change them; and finally, the releases do not constitute "votes" or an "election."

■ We shall first examine the appellees' assertion that if the "votes" are counted on a one lot-one vote basis there would not be a majority of "votes" in favor of release. We construe the language of the covenants to mean what it says, i.e., "a majority of the then owners of the lots," not the owners of the majority of the lots. We have been referred to no Texas case directly on point, but we are in agreement with the courts of other states which have construed the same or similar language. *See Cieri v. Gorton,* 179 Mont. 167, 587 P.2d 14, 16–17 (1978); *Beck v. Council of the City of St. Paul,* 235 Minn. 56, 50 N.W.2d 81, 83 (1951). A previous case before this court, *Bryant v. Lake Highlands Dev. Co. of Texas,* 618 S.W.2d 921, 923 (Tex.Civ.App.—Fort Worth 1981, no writ) is distinguishable because in that case there was an intent manifested within the original declaration that voting rights be exercised on a per lot basis.

■ We now consider the appellees' argument that the votes of any equitable owners were not considered in French's

count of the votes. Jack Cole, general counsel of a Fort Worth title company, testified that he had examined the Tarrant County deed records and determined the owners of the subject property. There was no evidence that any of these owners held anything less than full title to the property. There was no evidence presented of anyone holding any equitable title to the subject property. It is presumed that a deed conveys full title to the grantee; any party challenging the extent or sufficiency of the conveyance bears the burden of establishing the existence of equitable title in another. *Clayton v. Ancell,* 140 Tex. 441, 168 S.W.2d 230, 232–33 (1943); *Sims v. Duncan,* 195 S.W.2d 156 (Tex.Civ.App.—Galveston 1946, writ ref'd n.r.e.). In the absence of any testimony to the contrary, we shall presume that the owners of the property as reflected by the deed records have full ownership of the property. The appellees rely on the case of *Harrison v. Air Park Estates Zoning Committee,* 533 S.W.2d 108, 111 (Tex.Civ.App.—Dallas 1976, no writ). The facts of that case are distinguishable because the evidence in *Harrison* reflects the fact that there were individuals who had equitable interests in the subject property. There is no evidence in the case at bar that anyone holds less than full legal title.

■ Next, the appellees contend that since all or most of the releases were signed prior to January 1, 1985, they are not the "votes" of the owners of lots *as of* January 1, 1985, and therefore do not comply with the language of the covenants. The pertinent language of the covenants is as follows:

These covenants and restrictions are to run with the land and shall be binding on all parties and all persons claiming under them until JANUARY 1, 1985, at which time said covenants shall be automatically extended for successive periods of ten years unless by a vote of a majority of the then owners of the lots it is agreed to change said covenants in whole or in part.

The releases signed by the owners were all signed between December 24 and De-

cember 31, 1984, and each document reflects on its face that it is to be effective on January 1, 1985. There is no evidence of repudiation or retraction of any of the releases. We see no basis for any determination that the releases did not represent an expression of the owners' desire with respect to the release of the covenants as of January 1, 1985.

We now consider the appellees' contention that there is no right to abolish the restrictions as opposed to merely amending them. It has been held that the right to amend restrictions includes the right to change them so as to remove the restrictions. *Couch v. Southern Methodist University*, 10 S.W.2d 973, 973–74 (Tex. Comm'n App.1928, judgment rendered as recommended). The appellees rely on the case of *Hanchett v. East Sunnyside Civic League*, 696 S.W.2d 613, 615 (Tex.App.— Houston [14th Dist.] 1985, writ ref'd n.r.e.). In *Hanchett*, the court said that the right to amend deed restrictions implies "only those changes contemplating a correction, improvement, or reformation of the agreement rather than a complete destruction of it." *Id.* The court in *Hanchett* relies on the *Couch* case as authority. In *Couch*, the court made the point that even a complete destruction or removal of the conditions did not destroy the major contract, but is in accordance with it since it is within the right afforded to the owners under the contract. *Couch*, 10 S.W.2d at 974. For this reason we do not find the opinion in *Hanchett* to be inconsistent with our finding that in the case at bar the majority of the owners had the right to amend the restrictions even to the point of destroying or removing them.

Finally, the appellees contend that there were no votes nor any election in accordance with the provisions of the covenants. It has been held that the circulation of a petition is sufficient to comply with the requirements for a "majority vote." *Harrison*, 533 S.W.2d at 111. We agree with that holding and see no distinction between the circulation of a petition and the signing of a release for the purpose of voting on amending the restrictions.

Finding no validity to the appellees' objections to the release of the restrictive covenants in question, we hold that the covenants have been released as a matter of law. We sustain point of error number one. In view of our determination of this point of error, we need not consider points of error numbers two through eleven.

In point of error number twelve, French contends that the trial court erred in holding that he was not entitled to recover attorney's fees. The award of attorney's fees in a declaratory judgment action is governed by TEX.CIV.PRAC. & REM. CODE ANN. sec. 37.009 (Vernon 1986), which provides that "the court may award costs and reasonable and necessary attorney's fees as are equitable and just." We find that it is not necessary for us to consider this point of error since we are remanding the cause for a reconsideration of the issue of attorney's fees by the trial court. The purpose of the remand is to give the trial court the opportunity to exercise its discretion in view of the changed result, and we do not infer by the remand to express any opinion as to whether the trial court should or should not award French any attorney's fees.

We reverse and render judgment that the restrictive covenants described in volume 388-G, page 60 of the plat records of Tarrant County, Texas no longer apply to or run with the Karren Addition, Third Filing, blocks 14, 15, 16, 17, 18, and 19, or alternatively, we render judgment that such restrictive covenants no longer run with or apply to the Karren Addition, Third Filing. We remand the issue of attorney's fees to the trial court for reconsideration in view of this opinion.