**Raymond BALL, Appellant,**

v.

**FARM & HOME SAVINGS ASSOCIATION, Appellee.**

**No. 2–86–182–CV.**

Court of Appeals of Texas, Fort Worth.

Feb. 10, 1988.
Rehearing Denied April 13, 1988.

Robert D. Lybrand, Dallas, for appellant.

Ardell M. Young, Fort Worth, Philip C. McGahey, Arlington, James D. Klutz, Fort Worth, for appellee.

Before FARRIS, KELTNER and LATTIMORE, JJ.

## OPINION

LATTIMORE, Justice.

This is an appeal by property owner Raymond Ball from the entry of an agreed judgment in a class action suit pertaining to restrictive covenants affecting the subdivision of the Double Y Wooded Estates in Arlington, Texas.

Appellant brings ten points of error alleging the trial court erred in entering judgment without the consent of all parties, inadequate evidence to support the judgment, improperly changing terms of the agreed judgment, improperly imposing additional restrictive covenants on real property, insufficient notice and failure to grant a jury trial.

The judgment is affirmed.

In 1979, plaintiff, Farm & Home Savings Association, sought a declaratory judgment to remove restrictive covenants affecting a single subdivision in Arlington. The parties were certified as follows:[1]

1) Plaintiffs: Removal Class; 9 representatives

2) Defendants: Enforcement Class; 30 representatives

3) Lienholder Class: 1 representative

After six years, negotiations commenced in an attempt to reach a settlement. The initial proposed settlement was objected to by members of the Enforcement Class; a second settlement agreement was reached. A hearing on the proposed settlement was held on May 16, 1986. Of the 174 Enforcement Class lot owners, only three appeared at the hearing. Raymond Ball is the sole appellant.

By his first point of error, appellant contends the trial court erred in entering judgment without consent and agreement of all parties to the suit.

Rule 42 of the Texas Rules of Civil Procedure provides the necessary rules pertaining to class actions in Texas. Rule 42 is patterned after rule 23, the federal class action rule and therefore, federal decisions

1. The appellees in the present appeal constitute representatives of the Removal Class, those lot owners attempting to remove the restrictive covenants; the Enforcement Class, those lot owners attempting to enforce the restrictive covenants; the Lienholder Class, those holding liens on lots in the Double Y Wooded Estates; and those participating in the suit as individuals.

and authorities are persuasive. *See* FED. R.CIV.P. 23; *see also* TEX.R.CIV.P. 42; *RSR Corp. v. Hayes*, 673 S.W.2d 928, 931–32 (Tex.App.—Dallas 1984, writ dism'd).

Rule 42 provides for an exceptional procedure whereby a plaintiff or defendant may secure relief in class action cases under the theory of virtual representation; under this doctrine, the entire class is bound when true members of the class are made parties, and all members receive adequate representation. *Knioum v. Slattery*, 239 S.W.2d 865, 867–68 (Tex.Civ.App. —San Antonio 1951, writ ref'd).

■ Appellant's allegation that approximately one hundred members of the Enforcement Class objected to the settlement is somewhat misleading; this refers to objections raised to the original proposed settlement, later renegotiated to meet the approval of the majority of the objectors, and the basis of the settlement presently before the bar. The proportion of a class opposed to a settlement is one factor to be considered in assessing the fairness of a settlement, but it is not controlling. *Bryan v. Pittsburgh Plate Glass Co.*, 494 F.2d 799, 803 (3rd Cir.1974). A settlement is not unfair or unreasonable simply because a large number of class members oppose it. *Reed v. General Motors Corp.*, 703 F.2d 170, 175 (5th Cir.1983). In the present case, only a few members of the Enforcement Class opposed the settlement, and Mr. Ball is the only appellant.

■ Appellant also states that there was no evidence that any of the parties agreed to the settlement. This is not necessary, and was not prejudicial to appellant. That class members desired to reach a settlement after six years of litigation is reasonable, and does not indicate unfairness in either the judgment or the negotiation process. *See Salinas v. Roadway Express, Inc.*, 802 F.2d 787, 789 (5th Cir.1986), *cert. denied*, —— U.S. ——, 107 S.Ct. 1335, 94 L.Ed.2d 185 (1987). We find no abuse of discretion. Appellant's first point of error is overruled.

By his second point of error, appellant contends that the trial court erred in approving the compromise settlement of the class action. Appellant makes several arguments under this point of error.

Determination of whether to accept a proposed settlement of a class action suit is committed to the sound discretion of the trial court. *In re Chicken Antitrust Litigation*, 669 F.2d 228, 238 (5th Cir.1982). A decision to approve will not be disturbed on appeal unless it is clearly shown that the approval resulted from an abuse of discretion. *Miller v. Republic National Life Insurance Co.*, 559 F.2d 426, 429 (5th Cir. 1977). The burden of proving an abuse of discretion lies with the opponent of the settlement. *Marshall v. Good Times, Inc.*, 537 S.W.2d 536, 538 (Tex.Civ.App.—Fort Worth 1976, writ dism'd). An abuse of discretion implies more than an error in judgment; it must be an arbitrary and unreasonable action by the trial court. *Landry v. Travelers Insurance Company*, 458 S.W.2d 649, 651 (Tex.1970). The evidence is viewed in the light most favorable to the trial court's ruling, and all legal presumptions will be viewed in favor of the court below. *Parks v. U.S. Home Corp.*, 652 S.W.2d 479, 485 (Tex.App.—Houston [1st Dist.] 1983, writ dism'd). The trial court's actions will be presumed correct, and must be sustained in absence of a showing to the contrary. *Lone Star Steel Company v. Owens*, 302 S.W.2d 213, 219 (Tex.Civ.App. —Texarkana 1957, writ ref'd n.r.e.).

■ Although the rule governing settlement of a class action is silent as to standards by which a proposed settlement is to be evaluated, the universally applied standard is whether the settlement is fundamentally fair, adequate and reasonable. *In re Corrugated Litigation*, 643 F.2d 195, 207 (5th Cir.1981). In determining the adequacy and reasonableness of a proposed class action settlement, six factors should be considered by the court: 1) whether the settlement was a product of fraud or collusion; 2) the complexity, expense, and likely duration of the litigation; 3) the stage of the proceedings and the amount of discovery; 4) the factual and legal obstacles prevailing on the merits; 5) the possible range of recovery and the certainty of damages; and 6) the respective opinions of the

participants, including class counsel, class representative, and the absent class members. *Parker v. Anderson,* 667 F.2d 1204, 1209 (5th Cir.1982), *cert. denied,* 459 U.S. 828, 103 S.Ct. 63, 74 L.Ed.2d 65.

█ Appellant first complains of no evidence at the hearing on the settlement as to approval of the settlement; he further argues that there is evidence of disapproval of the settlement. The lack of testimony from consenting class members at the fairness hearing was in no way prejudicial to the objections. *See Salinas,* 802 F.2d at 785. Further, this testimony was available to the objectors through subpoena, but they failed to call any consenting members as witnesses. While a court should be hesitant to infer that a class supports a settlement merely because its members are silent at a hearing, where silence is coupled with other indicia of fairness, it provides further support for approval. *City of Detroit v. Grinnell Corp.* 495 F.2d 448, 462 (2d Cir.1974). The consenting class members were ably represented by their attorneys throughout the litigation and at the hearing on the proposed settlement, thereby voicing their approval of the agreed proposal.

█ Appellant alleges "scare tactics" on the part of the attorneys, forcing parties to agree to the settlement by informing them it would cost approximately $250,000 to proceed to trial on the merits. The complexity, expense and likely duration of the litigatin is one factor to be considered in evaluating the fairness of a settlement. *Parker,* 667 F.2d at 1209. This was merely a statement of the possible litigation debts which could have been accrued, and notice to the class members of the hazards of continued litigation. Even if consenting members agreed to avoid protracted litigation, a class member's desire to reach a settlement after seven years of litigation is certainly reasonable, and does not indicate unfairness in either the judgment or the negotiating process. *See Salinas,* 802 F.2d at 789.

█ Appellant further contends that the judgment favored some claimants over others. The very essence of settlement is compromise, a yielding of absolutes and an abandoning of highest hopes. *Cotton v. Hinton,* 559 F.2d 1326, 1330 (5th Cir.1977). The parties waive their right to litigate issues involved in the case and save themselves the time, expense and inevitable risk of litigation. *United States v. Armour & Co.,* 402 U.S. 673, 81–82, 91 S.Ct. 1752, 1757, 29 L.Ed.2d 256 (1971). Appellant has not shown that he has been required to bear an unduly disproportionate share of the distribution of burdens, versus benefits. *See Mendoza v. United States,* 623 F.2d 1338, 1344 (9th Cir.1980), *cert. denied,* 450 U.S. 912, 101 S.Ct. 1351, 67 L.Ed.2d 336 (1981). Any differences in injury suffered by appellant in comparison to class members is one of degree, and not overly substantial.

█ Appellant claims that the enforcement class members did not know of the significance of the hearing, and were waiting for trial to make their appearance in court. Rule 42(e) requires that "notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs." TEX.R. CIV.P. 42(e). Compliance means notice given in a form and manner that does not systematically leave an identifiable group without notice. *Mandujano v. Basic Vegetable Products, Inc.,* 541 F.2d 832, 835 (9th Cir.1976). It must be given in a manner reasonably calculated under all the circumstances to apprise interested parties of the pending action and to afford them an opportunity to present their objections. *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). The notice must reasonably convey the required information, and it must afford a reasonable time for those interested to make their appearance. *Grunin v. International House of Pancakes,* 513 F.2d 114, 120 (8th Cir.1974), *cert. denied,* 423 U.S. 864, 96 S.Ct. 124, 46 L.Ed.2d 93 (1975). The mechanics of the process of giving notice of a proposed settlement are left to the discretion of the court subject to the reasonableness standards imposed by due process. *Id.* at 121.

Notice by publication was ordered by the court on April 9, 1986. The entire agreed final judgment was published in addition to the notice of the hearing set to consider the proposed settlement. Appellant does not allege lack of due process, but that the enforcement class did not understand the significance of the hearing of which they were given notice. Due process requires that members be given notice of the proposed settlement along with notice of the options open to them; there are no rigid standards governing the contents of notice, and numerous decisions have approved very general descriptions of the proposed settlement. *Weinberger v. Kendrick*, 698 F.2d 61, 70 (2d Cir.1982), *cert. denied*, 464 U.S. 818, 104 S.Ct. 77, 78 L.Ed.2d 89. We find that appellees provided sufficient information within the notice to satisfy due process requirements.

■ Appellant notes the absence of responses to objections and alleged inadequacies of the settlement. In perfecting a record for appeal, former rule 377(d) (in effect during the relevant time period) pertains to partial statements of fact. *See* former TEX.R.CIV.P. 377(d); *see now* TEX.R.APP.P. 53(d). Appellant only partially complied with the rule; he filed a partial statement of facts, but did not file a statement of points to be relied on for appeal. Therefore, the court must presume that portions of the record not included contain adequate evidence to support the judgment of the trial court. *Dresser Industries, Inc. v. Forscan Corp.*, 641 S.W.2d 311, 315 (Tex.App.—Houston [14th Dist.] 1982, no writ). Further, when findings of fact and conclusions of law are not requested nor filed, the general rule is that it will be presumed that all facts supported by the evidence were found in favor of the judgment. *Lassiter v. Bliss*, 559 S.W.2d 353, 358 (Tex.1977). The trial judge stated within the judgment that notice had been given to all parties; that the court had considered all comments and objections; that the parties consented to an agreed judgment; and said judgment is in the best interest of each class and the members thereof. Appellant's second point of error is overruled.

■ By his third point of error, appellant alleges that the trial court erred in changing the terms of the judgment. The court deleted paragraph III of the proposed judgment prior to signing it; paragraph III stated that "Members of the Enforcement Class, the Removal Class and the Lienholder Class, and all individual Plaintiffs and Defendants, their heirs, successors, representatives and assigns, are hereby permanently enjoined from opposing any zoning change consistent with the Covenants."

The doctrine of judicial estoppel is not strictly speaking estoppel, but arises from positive rules of procedure based on justice and sound public policy. *Long v. Knox*, 155 Tex. 581, 585, 291 S.W.2d 292, 295 (Tex.1956). It is distinguished from equitable estoppel based on inconsistency in judicial proceedings because the elements of reliance and injury essential to equitable estoppel need not be present. *Id.* Under the doctrine of judicial estoppel, a party is estopped merely by the fact of having alleged or admitted in his pleadings or in a former proceeding under oath the contrary to the assertion sought to be made. *See Swilley v. McCain*, 374 S.W.2d 871, 874–75 (Tex.1964).

On May 16, 1986, during the hearing to enter judgment on the agreed settlement, appellant on re-direct examination objected to paragraph III of the proposed injunction which prohibited any further objections to zoning and multi-use. Appellant was testifying under oath in a prior proceeding. The trial judge deleted that paragraph from the judgment prior to affixing his signature. Appellant is estopped from complaining of the deletion, which he objected to, within the judgment. Appellant's third point of error is overruled.

By his fourth point of error, appellant contends the trial court erred in imposing additional restrictive covenants on real property of parties to the suit. Appellant specifically argues three separate reasons for error: 1) there can be no modification of restrictive covenants without concurrence of all owners; 2) the necessity for actual notice to all property owners of the

proposed changes in restrictions is implied; and 3) amendments to the original restrictive covenants must be authorized by the original instrument creating the covenants, limited as to the types of changes, and must be legal and conform with public policy.

■ The amended restrictive covenants were made pursuant to the agreed settlement entered into by the parties. In order for a subsequent instrument to amend original restrictive covenants governing a subdivision, three conditions must be met: 1) the instrument creating the original restriction must establish both the right to amend such restrictions and the method of amendment; 2) the right to amend such restrictions implies only those changes contemplating correction, improvement or reformation of an agreement rather than complete destruction; and 3) amendment to restrictions may not be illegal or against public policy. *Hanchett v. East Sunnyside Civic League*, 696 S.W.2d 613, 615 (Tex.App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.). The original document by Homer J. Rader stated as follows:

> As a part of my plan for subdividing the above described tract, I hereby adopt the following covenants and restrictions, which shall run with the land, and are to be binding upon the dedicator, his heirs, executors, administrators and assigns, and upon all purchasers or future owners of lots in said Addition, and their assigns, for a period of twenty years from September 1, 1948, and said restrictions may be enforced by the dedicator, his heirs, administrators, executors and assigns, or by any owner of any lot in said Addition by appropriate legal proceedings; *Provided, [sic] however, that three-fourths or more of the owners in said Addition, each lot being entitled to one vote, may, by instrument properly executed, acknowledged and recorded in the office of the County Clerk of Tarrant County, Texas, modify or change such restrictions.* [Emphasis added.]

The document allowed for amendment of the restrictions, to be accomplished by a three-fourths vote of the lot owners, each lot being entitled to one vote, thus satisfying the first element enabling an amendment in the original document.

Considering the actual restrictions themselves, the suit to amend the restrictions was brought to enable the land owners to utilize their subdivision for multi-use purposes. This does not forego use of the land as a residence, but allows certain restricted commercial uses as well. The changes in restrictions are such as to be an improvement due to the change in the subdivision since the original 1948 document was promulgated. Even where the restriction changes are viewed as a complete reconstruction, it has been held that the right to amend restrictions includes the right to change them so as to remove the restrictions. *Couch v. Southern Methodist University*, 10 S.W.2d 973, 973–74 (Tex. Comm'n.App.1928, judgmt adopted). The original document gives the owners the right to modify without limitation except for the approval of three-fourths of the lot owners. This brings us to the third requirement, and we find no authority disallowing these changes in restrictive covenants due to illegality or public policy, nor does appellant further any. Therefore, all legal elements needed to change the restrictions have been met.

■ Appellant specifically contends that all owners within the subdivision did not concur with the change in restrictions. Rule 42 of the Texas Rules of Civil Procedure authorizes and controls class actions as a matter of procedure. It is the law in Texas that persons may be bound by judgments although not named as parties if they are virtually represented in a class suit. *Richardson v. Kelly*, 144 Tex. 497, 191 S.W.2d 857 (1945).

The agreed settlement was signed by attorneys McGahey, Bagby, Haasdorff, Tubb, Klutz and Young, representing the Removal Class, individual plaintiffs, defendant Enforcement Class and Lienholder Class, Raymond H. and Mabel D. Klutz and Howard Dalton, respectively. Therefore, more than the necessary three-fourths lot owners agreed to the changes in the re-

strictive covenants by virtual representation.

Appellant further argues that actual notice of the settlement was not given to all property owners, as implied by the necessity of concurrence by all owners. The general rule is that some owners of property in a restricted subdivision may not release or modify applicable restrictions without concurrence of others who own property in the subdivision. *Smith v. Williams*, 422 S.W.2d 168, 173 (Tex.1967). "Concurrence" in context of the requirement implies actual notice to all property owners, in order to provide the opportunity to express approval or disapproval of a proposed change. *See Hanchett*, 696 S.W. 2d at 615; *Harrison v. Air Park Estates Zoning Committee*, 533 S.W.2d 108, 110 (Tex.Civ.App.—Dallas 1976, no writ).

On July 15, 1983, all lot owners in the Double Y Wooded Estates were given actual notice of the nature of the suit by certified mail, and those who did not return the certified mail receipt were further notified by actual and/or constructive notice. Notice of the suit, its purpose, the right to appear in court and the binding effect of the outcome was included within the actual notice and published on three days in a local newspaper. On November 21, 1983 further notice of the class action, after an enlargement of the class representatives, was given to all lot owners listing the classes, their representatives, the purpose of each class in the suit, names of individual parties, the nature of the suit, effect of judgment and right to challenge. Notice of the pending suit was sent to the Lienholder Class. These certified letters satisfied the necessity of actual notice to all parties.

Appellant alleges it is further necessary to give actual notice of the proposed settlement to all lot owners. Section (e) of rule 42 governing dismissal or compromise of a class action suit provides for notice to all class members "in such manner as the court directs." TEX.R.CIV.P. 42(e). The court ordered notice of the agreed judgment by publication in the Fort Worth Star Telegram and the Arlington Daily News,

once a week for four weeks. Appellant's fourth point of error is overruled.

Appellant's fifth, seventh and ninth points of error contend that notice of the class action and agreed judgment was not sufficient to notify the class of additional restrictive covenants and allow entry of the agreed judgment. For the reasons stated above, these points of error are overruled.

Appellant's sixth point of error alleges the trial court erred in entering a judgment not supported by pleadings. In Texas, for an agreed judgment arrived at through compromise of the parties to be valid, no pleadings are required to support such a judgment. *Gracia v. RC Cola–7– Up Bottling Co.*, 667 S.W.2d 517, 519 (Tex. 1984); *Pope v. Powers*, 120 S.W.2d 432, 436 (Tex.Comm'n.App.1938, judgmt adopted). Appellant's sixth point of error is overruled.

Appellant's eighth point of error argues that there is no evidence in the record of proper notice of the settlement.

In a trial to the court where no findings of fact or conclusions of law are filed or requested, the judgment of the trial court implies all necessary findings of fact in support thereof. *In the Interest of W.E.R.*, 669 S.W.2d 716, 717 (Tex.1984) (per curiam); *Burnett v. Motyka*, 610 S.W.2d 735, 736 (Tex.1980) (per curiam). An appellant may challenge these implied findings by raising both legal and factual sufficiency of the evidence points, and where such points are raised, the standard of review to be applied is the same as that to be applied in the review of jury findings or a trial court's findings of fact. *Burnett*, 610 S.W. 2d at 736.

Appellant attacks the lack of notice by alleging that there is no evidence of proper notice of the proposed settlement. "No evidence" points must be preserved through one of the following procedural steps in the trial court: 1) a motion for instructed verdict; 2) a motion for judgment notwithstanding the verdict; 3) an objection to the submission of the issue to the jury; 4) a motion to disregard the jury's answer to a vital fact issue; or 5) a

motion for new trial. *Salinas v. Fort Worth Cab & Baggage Co., Inc.*, 725 S.W. 2d 701, 704 (Tex.1987); *Aero Energy, Inc. v. Circle C Drilling Co.*, 699 S.W.2d 821, 822 (Tex.1985). Appellant did not preserve this error by any of the five methods listed above; nevertheless, we will address his point of error.

In determining a "no evidence" point, we are to consider only the evidence and inferences which tend to support the finding of the jury and disregard all evidence and inferences to the contrary. *See Larson v. Cook Consultants, Inc.*, 690 S.W.2d 567, 568 (Tex.1985); *International Armament Corp. v. King*, 686 S.W.2d 595, 597 (Tex. 1985); *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 661–62 (1951). If there is any evidence of probative force to support the finding of the jury, the point must be overruled and the finding upheld. *In re King's Estate*, 244 S.W.2d at 661–62.

A "no evidence" point of error must and may only be sustained when the record discloses one of the following: 1) a complete absence of evidence of a vital fact; 2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; 3) the evidence offered to prove a vital fact is no more than a mere scintilla of evidence; or 4) the evidence establishes conclusively the opposite of a vital fact. *Commonwealth Lloyd's Ins. Co. v. Thomas*, 678 S.W.2d 278, 288 (Tex.App.—Fort Worth 1984, writ ref'd n.r.e.); Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 TEXAS L.REV. 361 (1960).

Considering the favorable evidence, we first look to the judgment, which recites that notice was given to all parties in interest. In his motion for new trial, appellant makes no reference to lack of proper notice of the proposed settlement by publication as ordered on April 9, 1986; appellant filed his objections on May 8, 1986, one day prior to the deadline. He made no mention of the type of notice ordered by the court. We find that the evidence tends to support the implied finding of proper notice. Appellant's eighth point of error is overruled.

Appellant's last point of error contends that the trial court erred in entering judgment without a jury trial, as a jury fee was paid. Appellant improperly characterizes the proceedings in the trial court. Rule 42(e) provides for the settlement of class actions; this allows for a compromise upon the approval of the court and after notice is given to all parties. TEX.R.CIV.P. 42(e).

Appellant was present during the hearing of the trial court and voiced his objections to the settlement. He made no objection to the lack of a jury trial. The trial court ruled adversely to his position; appellant will not be heard to complain that he was entitled to have a jury decide the issues. *See Fishing Publications, Inc. v. Williams*, 661 S.W.2d 323, 325 (Tex.App.— Corpus Christi 1983, no writ); *Hernandez v. Light Pub. Co.*, 245 S.W.2d 553, 557 (Tex.Civ.App.—San Antonio 1952, writ ref'd). The compromise settlement was approved by the trial court after sufficient notice, thus alleviating the necessity of a trial on the merits. Appellant's tenth point of error is overruled.

The judgment of the trial court is affirmed.